1  **THE LAW OFFICE OF**
2  **JACK FITZGERALD, PC**
   JACK FITZGERALD (SBN 257370)
3  *jack@jackfitzgeraldlaw.com*
   TREVOR M. FLYNN (SBN 253362)
4  *trevor@jackfitzgeraldlaw.com*
5  MELANIE PERSINGER (SBN 275423)
   *melanie@jackfitzgeraldlaw.com*
6  Hillcrest Professional Building
7  3636 Fourth Avenue, Suite 202
   San Diego, California 92103
8  Phone: (619) 692-3840
9  Fax: (619) 362-9555

10 **THE LAW OFFICE OF**
   **PAUL K. JOSEPH, PC**
11 PAUL K. JOSEPH (SBN 287057)
12 *paul@pauljosephlaw.com*
   4125 W. Pt. Loma Blvd. No. 206
13 San Diego, California 92110
14 Phone: (619) 767-0356
   Fax: (619) 331-2943
15
   *Counsel for Plaintiff and the Proposed Class*
16
17 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19 PRESTON JONES, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NUTIVA, INC.,<br><br>Defendant. | Case No: 3:16-cv-00711-HSG<br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF IF NOT ALLOWED TO PROCEED IN THIS COURT** [28 U.S.C. § 1447(c)]<br><br>Date:    April 28, 2016<br>Time:   2:00 p.m.<br>Place:   Courtroom 10<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

Nutiva removed this action from state court and immediately asked this Court to discard Jones' request for injunctive relief based on the alleged absence of Article III standing. Now Nutiva attempts to preclude Jones from exercising his right to seek injunctive relief in state court as well, arguing that a partial remand would be "in contradiction to California's primary right theory." (Opp. at 4.) Nutiva is mistaken. Under the state's primary rights doctrine, the Court has ample discretion to determine that application of the doctrine is unwarranted "where exceptional circumstances might justify a departure from the rule to avoid harsh results." *See Hamilton v. Asbestos Corp., Ltd.*, 22 Cal. 4th 1127, 1146 (2000).

Here, injunctive relief is an important remedy under California's consumer protection laws. Should the Court dismiss that form of relief from this case, and also deny remand of that issue to the state court, Jones will be foreclosed Jones from injunctive relief entirely. This is an unnecessarily "harsh result" that "justif[ies] a departure from the rule."

In addition, by suggesting that the Class Action Fairness Act (CAFA) prohibits remand, Nutiva disregards both Ninth Circuit precedent that Article III supersedes CAFA, and persuasive authority within the Ninth Circuit providing for exactly what Jones seeks here - remand of the injunctive relief portion of this putative class action. *See United Steel v. Shell Oil, Co.*, 602 F.3d 1087, 1091–92; 1092 n.3 (9th Cir. 2010); *Machlan v. P&G*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015).

## II. ARGUMENT

### A. Jones' Motion for Remand is Consistent with the Primary Rights Doctrine

Contrary to Nutiva's assertion, Jones' motion to partially remand his case - simply his right to seek injunctive relief - is consistent with California's primary rights doctrine. The doctrine prevents the division of a plaintiff's primary right into two separate suits. *Hamilton*, 22 Cal. 4th at 1146; *see also Grisham v. Phillip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 642 (2007) (the primary rights doctrine is "in part a rule of abatement and in part a rule of res judicata."). The primary rights doctrine exists to "avoid[] conflicts that might arise between courts if they were free to make contradictory decisions or awards relating to the same

controversy." *Plant Insulation Co. v. Fibreboard Corp.*, 224 Cal. App. 3d 781, 786–87 (1990).

Here, Jones' motion does not seek to "split claims" as to actual causes of action. All causes of action remain with this Court for this federal litigation. The only thing that Jones seeks to remand is one form of relief - namely, injunctive relief - that arises from Nutiva's liability on the causes of action, and only if the Court rules that it lacks Article III jurisdiction to award injunctive relief upon a finding of liability. As such, remand of Jones' right to seek injunctive relief cannot possibly lead to contradictory decisions or awards, since liability (and all other forms of relief) will be determined in this federal action, after which the right to injunctive relief will be decided in state court, if at all.

In addition, as noted above, it is well settled that courts are entitled, indeed empowered, by the doctrine itself simply to decline its application "where exceptional circumstances might justify a departure from the rule to avoid harsh results." *Hamilton*, 22 Cal. 4th at 1146. Not only has Nutiva removed Jones' state court case to federal court on the basis of CAFA jurisdiction, it them immediately moved to dismiss any right to injunctive relief on the basis of alleged lack of Article III standing, and now opposes Jones' request to remand to state court the right to seek injunctive relief if this Court dismisses it from the case.

Absent this Court either maintaining the request for injunctive relief in this case, or remanding that sole form of relief to state court, Nutiva will succeed, through strategically-employed procedural manipulation, in effectively prohibiting an opposing litigant from seeking, requesting, asking a court just for the basic right to injunctive relief even in principle. A more "harsh result" can hardly be imagined. Such "exceptional circumstances" plainly "justify a departure from the rule."

And aside from whether Jones will be entitled to seek injunctive relief anywhere, Nutiva's procedural maneuvering could lead to an even more disturbingly harsh, indeed absurd, result. *See Machlan,* 77 F. Supp. 3d at 961 ("the possibility that an action like this one could become stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court. If such a scenario were to

play out, plaintiff's claims would likely be prevented from being adjudicated on the merits, definitely so once the statute of limitations on plaintiff's claims expires.").

When confronted with this exact issue regarding the interplay between California's substantive laws and federal procedural considerations, the Northern District held:

> Allowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity. This case was originally filed in a California state court by a California plaintiff on behalf of a putative class of California residents under California's state laws. A California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims. Respect for comity and federalism compel that conclusion, and just tossing aside the state's injunction remedy because of this Court's limited jurisdiction is an unwarranted federal intrusion into California's interests and laws.

*Machlan v. P&G*, 77 F. Supp. 3d at 961.

**B.    The Court has Discretion to *Partially* Remand Claims Even if CAFA Jurisdiction Is Proper**

Nutiva argues that because CAFA creates federal jurisdiction in this case, "CAFA compels that this action be litigated in federal court in its entirety." (Opp. at 6.) However, the Ninth Circuit has noted courts can lose jurisdiction based on mootness or lack of Article III standing. *See United Steel,* 602 F.3d at 1091–92; 1092 n.3 ("exceptions to the general rule of 'once jurisdiction, always jurisdiction'—such as when a case becomes moot in the course of litigation"). If the Court finds Jones lacks Article III standing to seek injunctive relief in federal court, then he could not move to certify a class under Federal Rule of Civil Procedure Rule 23(b)(2). The Ninth Circuit recognizes an exception to the general rule "a putative class action, once properly removed, stays removed," for jurisdiction based on Article III. *United Steel*, 602 F.3d at 1092 n. 3.  Thus, lack of standing or mootness will divest the court of jurisdiction under constitutional principles, *regardless* of whether the case otherwise has CAFA jurisdiction.

As a result, district courts are vested with discretion to remand matters that were removed under CAFA upon determining that plaintiff lacks Article III standing. "Under the principles set forth in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 [, 357], 108 S. Ct.

3

614, 98 L. Ed. 2d 720 (1988), the Court . . . has the discretion to order a remand rather than a dismissal of the injunctive relief portions of plaintiff's claims." *Machlan*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015).

### III. Conclusion

For the foregoing reasons, plaintiff respectfully requests that, should Jones' claim for injunctive relief be rejected on the basis of lack of Article III standing, the Court exercise its broad scope of discretion in remanding back to state court Jones' request for that form of relief as initially sought in state court.

Dated: April 5, 2016                  Respectfully submitted,

/s/ Jack Fitzgerald

**THE LAW OFFICE OF PAUL K. JOSEPH, PC**
PAUL K. JOSEPH
*paul@pauljosephlaw.com*
4125 W. Point Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

***Attorneys for Plaintiff and the Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I served the foregoing **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF IF NOT ALLOWED TO PROCEED IN THIS COURT** on counsel of record for all parties in this action, by notice of electronic filing, which was automatically generated by the Court's CM/ECF system at the time the document was filed with the Court.

Dated: April 5, 2016                                         /s/ Jack Fitzgerald
                                                             Jack Fitzgerald