**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | Case No: 3:16-cv-00711-HSG |
| PRESTON JONES, on behalf of himself, all others similarly situated, and the general public,<br><br>                    Plaintiff,<br><br>          v.<br><br>NUTIVA, INC.,<br><br>                    Defendant. | **REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS; AND FOR ORDER DIRECTING NUTIVA TO ANSWER THE COMPLAINT'S SPECIFIC ALLEGATIONS**<br><br>[Fed. R. Civ. P. 12(c) & (f), 81(c)]<br><br>Date:        April 28, 2016<br>Time:        2:00 p.m.<br>Place:       Courtroom 10<br>Judge:      Hon. Haywood S. Gilliam, Jr. |

## I.    INTRODUCTION

The 38 "separate and additional" defenses set forth in Nutiva's Answer, following its general denial made prior to removal pursuant to Cal. Code Civ. P. 431.30(d), are either redundant negative defenses or improperly-pled affirmative defenses. Accordingly, the Court should strike Nutiva's mere denials with prejudice, strike Nutiva's conclusory affirmative defenses without prejudice, and order Nutiva to plead those defenses and otherwise answer plaintiff's complaint in accordance with the Federal Rules of Civil Procedure.

## II.   ARGUMENT

### A.    As Nutiva Admits, Many of its Defenses are Mere Denials or "Negative Defenses," which are Redundant and Should be Stricken

As Nutiva admits, many of its "separate and additional" defenses merely contradict or deny the plaintiff's allegations, and thus are not affirmative defenses.[1] (Opp. at 5 ("Defense No. 1 is not an affirmative defense"); *id.* at 6 ("Defense Nos. 3, 7-11, 17-24, 26-29, 32, 33, 35-38: These are not affirmative Defenses")).) Nutiva elected to take advantage, before removing the case, of a state procedural rule allowing it to generally deny the allegations in a Complaint. *See* Dkt. No. 2-3, Answer, General Denial (invoking Cal. Code Civ. P. § 431.30(d)). Such a "general denial put[s] in issue the material allegations of the complaint," which "encompasses the [negative] defenses," *see FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991). As a result, Nutiva's negative defenses are redundant of its general denial, and should be stricken: "A denial of a plaintiff's allegations is an improper affirmative defense." *FTC v. Johnson*, 2013 U.S. Dist. LEXIS 80341, *39-40 (D. Nev. June 6, 2013); *see also Barnes*, 718 F. Supp. 2d at 1174 ("To the extent that the [defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to

---

[1] Affirmative Defenses 1, 3, 7-11, 17-24, 26-29, 32, 33, 35-38. Plaintiff is somewhat taken aback by Nutiva's attacking his motion as misrepresenting that its "separate and additional" defenses are affirmative defenses (*see* Opp. at 2). Although plaintiff may have been imprecise in his language given the odd way Nutiva chose to label the defenses in its Answer that came after its denial of the factual allegations, whatever vague and ambiguous label Nutiva gives to its 38 defenses, they are either wholly improper (redundant of Nutiva's general denial), or inadequately pled.

Rule 12(f) and should be struck so as to simplify and streamline the litigation."); *EEOC v. Interstate Hotels, L.L.C.*, 2005 WL 885604, at *4 (N.D. Cal. Apr. 14, 2005) ("It is plaintiff's burden to prove that he has suffered damages. If plaintiff fails to do so, plaintiff will lose the claim and an affirmative defense to that effect is unnecessary.").

Nutiva does not even argue that its negative defenses were properly pled. Instead, it merely points out the distinction between an affirmative defense and a negative one. (Opp. at 4-5.) In doing so, however, Nutiva cites *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), which held that that negative defenses are redundant and immaterial. *Id.* at 1088 ("Edison's attempt to prove that it provided a reasonable accommodation merely negates an element that Zivkovic was required to prove and *therefore was not an affirmative defense required to be pled in Edison's answer*." (emphasis added)).

Regardless of how labeled, courts in this district court "repeatedly [strike] . . . 'negative' defenses." *MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, 2015 WL 4624119, at *3 (N.D. Cal. Aug. 3, 2015). Because Nutiva admits that many of its "separate and additional defenses" are not affirmative in nature the Court should strike those defenses with prejudice. *See* (Opp. at 5-6 (admitting Nos. 1, 3, 7-11, 17-24, 26-29, 32, 33, 35-38 are not affirmative defenses))

### B.    Nutiva's Affirmative Defenses are Inadequately Pled

Nutiva admits its "defenses that are affirmative in nature are subject to the *Iqbal / Twombly* pleading standard." (Opp. at 4). Given the heightened pleading requirements under *Iqbal* and *Twombly*, Nutiva's arguments that its actual affirmative defenses meet that pleading standard deserve short shrift.

<u>Defense No. 2</u>

Nutiva sets forth ten statutes of limitations but does not plead how (or even that) any apply to this case (and most certainly do not—and some do not even exist (*see* Mot. at 9-10)). Even regarding the statutes that may pertain to plaintiff's claims, Nutiva fails to plead any facts to show that the defense may be applicable, in violation of the *Iqbal* and *Twombly*

pleading standards. Thus, the Court should strike or grant judgment on the pleadings on this defense and especially the wholly inapplicable statues.[2]

Defense No. 4

Nutiva claims this defense (failure to mitigate damages) is a negative one. (Opp. at 6.) Plaintiff disagrees (Mot. at 8). *See G & G Closed Circuit Events, LLC v. Nguyen*, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (striking affirmative defense of failure to mitigate damages because defendant failed to identify what damages could have been mitigated by plaintiff or how she failed to do so). As a negative defense, this should be stricken with prejudice. As an affirmative defense, it fails to set forth any facts in violation of *Iqbal* and *Twombly* pleading standards.

Defense Nos. 5, 6, 12, 13-16, 25, 30, and 31

Citing no authority, Nutiva requests a "pass" on its pleading obligations under *Iqbal* and *Twombly*, asserts that it "rightfully" reserves the ability to argue affirmative defenses at a later date, contends it is "entitled" to reserve its arguments and facts until after completion of discovery, and claims that plaintiff's motion fails to make "specific arguments" as to why its defenses, pled without any facts, should be stricken. But courts in this district have repeatedly held that "the same principles applied to pleading claims should [] apply to the pleading of affirmative defenses which are also governed by Rule 8." *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). *See also Raychem Corp. v. PSI Telecommunications, Inc.*, No. CIV. C-93-20920 RPA, 1995 WL 108193, at *4-5 (N.D. Cal. Mar. 6, 1995) (Striking affirmative defenses for laches and unclean hands because they did not identify any specific conduct and only generally averred application of the defense). For the reasons set forth in the underlying motion, and for which Nutiva has no legitimate opposition, the Court should strike Affirmative Defense Nos. 5, 6, 12, 13-16, 25, 30, and 31 without prejudice for Nutiva to re-plead with specificity.

---

[2] Code of Civil Procedure Sections 337(1) (written contract), 339 (oral contract), 340(1) (does not exist), 340(2) (does not exist), 340(3) (does not exist), and/or 343 (catch all statute of limitation when no other statute applies).

Defense No. 34

Similarly in defiance of well-settled law, Nutiva purports to stand on its "right to reserve affirmative defenses that may arise later in this litigation." (Opp. at 8.) "This type of statement 'serves no real purpose in the litigation and should be stricken.'" *Madison*, 2013 WL 5769979, at *3 (citing *Solis v. Couturier*, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009)). *See also Joe Hand Promotions, Inc. v. Davis*, 2012 WL 4803923, at *7 (N.D. Cal. Oct. 9, 2012) (a defense purporting to reserve future affirmative defenses is redundant and immaterial). It is Rule 15, not Nutiva's misstatement of law, that governs whether Nutiva can amend its answer to include additional defenses at a future date. *See Solis*, 2009 WL 2022343, at *7. Accordingly, Defense number 34 should be stricken with prejudice.

## C.    Nutiva Should Respond to Specific Allegation in the Complaint

Leveraging state court procedural rules, just before removing, Nutiva responded to plaintiff's Complaint by asserting a General Denial of his allegations. (Answer at 2.) In his motion, plaintiff requested the Court order Nutiva to amend its complaint to answer the specific allegations. The question of whether and when to require a repleading "is left to the 'sound discretion' of the district court." *O'Sullivan*, 2012 WL 2912061, at *5 (citing *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 151 (2d Cir. 1998).

Nutiva failed to address plaintiff's arguments in this regard. The Court should consider Nutiva's non-response as tacit approval of plaintiff's statement of the law and facts on this point and, for the reasons set forth in the underlying motion, exercise its discretion and order Nutiva to "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1).

## D.    At this Early Stage of the Litigation, the Timelines of Plaintiff's Motion is No Bar to Striking Nutiva's Improper and Inadequately Plead Defenses

Nutiva asserts that plaintiff presents "[n]o argument, facts, or law" that address "the good cause requirement that might allow this Court to entertain the motion." (Opp. at 4.) But as plaintiff's motion explains, even where a motion to strike is untimely, this "presents no bar to considering the motion on its merits[ because] Rule 12(f) clearly permits a Court on its own initiative, at any time, to strike. . . . [which] renders the [timing] rule essentially

unimportant." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999); *see also SunEarth, Inc. v. Sun Earth Solar Power Co.*, 2012 WL 2326001, at *2 (N.D. Cal. June 19, 2012) ("[A] number of courts have found they may properly consider arguments raised in an untimely motion to strike under this rule."); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (identifying courts that have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case).

Moreover, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Although more than 21 days passed after Nutiva filed an Answer and removed, Nutiva does not assert the short delay in filing this motion is prejudicial. Thus, at this still early stage of the litigation, judicial economy still strongly supports the Court striking any improper or inadequate defenses thereby properly focusing both parties on resolving the real issues between the parties.

And Nutiva does not even address plaintiff's argument that the Court could, in addition to or instead of striking defenses under Rule 12(f), grant plaintiff judgment on the pleadings under Rule 12(c). (*See* Mot. at 4-5.)

## III.   CONCLUSION

Because Nutiva admits that it pled negative defenses, plaintiff respectfully requests the Court strike those with prejudice. Nutiva's failure to plead any of its affirmative defenses with any shred of specificity also warrant those being struck without prejudice. In any event, the Court should order that Nutiva amend its answer to respond to the specific allegations in the complaint.

Dated: April 14, 2016                   Respectfully submitted,

/s/ Jack Fitzgerald
**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN

*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840

**THE LAW OFFICE OF PAUL K. JOSEPH, PC**
PAUL K. JOSEPH
*paul@pauljosephlaw.com*
4125 W. Point Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356

***Attorneys for Plaintiff and the Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016, I served the foregoing **REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS; AND FOR ORDER DIRECTING NUTIVA TO ANSWER THE COMPLAINT'S SPECIFIC ALLEGATIONS** on counsel of record for all parties in this action, by notice of electronic filing, which was automatically generated by the Court's CM/ECF system at the time the document was filed with the Court.

Dated: April 14, 2016                                     /s/ Jack Fitzgerald
                                                          Jack Fitzgerald