United States District Court
Northern District of California

1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    PRESTON JONES,                            Case No.  16-cv-00711-HSG   (KAW)
              Plaintiff,
8                                              **ORDER REGARDING 9/16/16 JOINT
         v.                                    LETTER RE: INTERROGATORY NOS.
9                                              10 & 11**
     NUTIVA, INC.,                             Re: Dkt. No. 51
10
              Defendant.
11
12
13        On September 16, 2016, the parties filed a joint discovery letter regarding "whether Nutiva

14   should be required to respond to contention interrogatories regarding the proper means of

15   calculating restitution and damages where it asserts it 'has not yet formed an opinion,' and denies

16   generally that restitution damages are owed." (Joint Letter, Dkt. No. 51 at 1.)

17        Upon review of the joint letter, the Court deems this matter suitable for disposition without

18   oral argument pursuant to Civil L.R. 7-1(b), and declines to compel Defendant's supplemental

19   responses.

20                            **I.     BACKGROUND**

21        On January 8, 2016, Plaintiff filed this putative class action case alleging that Defendant

22   Nutiva, Inc. misleadingly markets various coconut oil products as both healthy and as a healthy

23   alternative to butter and other oils, and that Nutiva's coconut oil labeling and advertising violates

24   several federal and California state food regulations. (Compl., Dkt. No. 2-1 ¶ 1.)  Specifically,

25   Plaintiff accuses Nutiva Organic Virgin Coconut Oil, Nutiva Organic Extra Virgin Coconut Oil,

26   and Nutiva Refined Coconut Oil of being misleading. (Compl. ¶ 49.)  Currently, the parties are

27   engaged in pre-class certification discovery.

28        On September 22, 2016, the district court ruled that Plaintiff had standing to pursue claims

1    against all three products, because they are sufficiently similar for the purposes of his claim that

2    they are misbranded as a matter of law. (9/22/16 Or., Dkt. No. 55 at 8.)

### II.    LEGAL STANDARD

4    The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has

5    the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or

6    defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not

7    be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of

8    discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or

9    duplicative, or can be obtained from some other source that is more convenient, less burdensome,

10   or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

11   information by discovery in the action; or (iii) the proposed discovery is outside the scope

12   permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good

13   cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

14   undue burden or expense," including by precluding discovery, by conditioning disclosure or

15   discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope

16   of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on

17   the trial court to decide when a protective order is appropriate and what degree of protection is

18   required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

19   "District courts have broad discretion to control the class certification process, and whether

20   or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v.*

21   *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

### III.    DISCUSSION

23   Plaintiff seeks to compel supplemental responses to Interrogatory Nos. 10 and 11.

#### A.    Interrogatory No. 10

25   Interrogatory No. 10 asks "[i]f plaintiff proves NUTIVA'S liability for violation of the

26   California Unfair Competition Law, False Advertising Law, or Consumers Legal Remedies Act,

27   how do you assert restitution should be calculated?" (Joint Letter at 1.)

28   Defendant initially objected on the grounds that any response was premature, but withdrew

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the objection and supplemented its response to state that "Nutiva has not yet formed an opinion as

2    to how restitution should or would be calculated at this time and denies that restitution is owed."

3    (Def.'s 2d Suppl. Resp., Joint Letter, Ex. 1 at 6.)  Defendant contends that its response is proper

4    given the current status of the case, and because, as written, the interrogatory does not suggest

5    how liability would be established. (Joint Letter at 2.)  Defendant further argues that it is

6    premature to compel Nutiva to provide a sworn, written answer on this issue when Plaintiff has

7    not chosen a damages or restitution model among the six possibilities identified in his initial

8    disclosures. *Id.*

9           Plaintiff contends that the Nutiva's response is insufficient because it is entirely non-

10   responsive. (Joint Letter at 1.)

11          The Court agrees with Defendant and declines to order Defendant to further supplement its

12   response, because the interrogatory, as propounded, is a premature hypothetical given that Plaintiff

13   has neither chosen a restitution model nor provided any facts upon which to calculate restitution.

14   Furthermore, a class has not yet been certified in this case, which would surely effect a restitution

15   calculation.

16          **B.     Interrogatory No. 11**

17          Interrogatory No. 11 asks "[i]f plaintiff proves NUTIVA'S liability for violation of the

18   California Consumers Legal Remedies Act, how do you assert damages should be calculated?"

19   (Joint Letter at 1.)  Defendant responded by stating that "Nutiva has not yet formed an opinion as

20   to how damages should or would be calculated at this time and denies that damages are owed."

21   (Def.'s 2d Suppl. Resp. at 6.)  Defendant advances the same arguments in support of its position as

22   it did for Interrogatory No. 10. *See* discussion *supra* Part III.A. Accordingly, the Court declines to

23   compel Defendant to supplement its response for the same reason set forth above. *See id.*

24   ///

25   ///

26   ///

27   ///

28   ///

3

1

**IV.     CONCLUSION**

2          In light of the foregoing, Plaintiff's request to compel Defendant to supplement its

3     responses to Interrogatory Nos. 10 and 11 is denied.

4          IT IS SO ORDERED.

5     Dated: September 26, 2016

6                                                        _____
                                                         KANDIS A. WESTMORE
7                                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4