1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7    PRESTON JONES,                        Case No. 16-cv-00711-HSG   (KAW)
8              Plaintiff,
                                           ORDER REGARDING 9/16/16 JOINT
9        v.                                LETTER RE: REQUEST FOR
                                           PRODUCTION OF DOCUMENTS NOS.
10   NUTIVA, INC.,                         22 & 23
11             Defendant.                  Re: Dkt. No. 54
12
13        On September 16, 2016, the parties filed a joint discovery letter in which Plaintiff seeks to
14   compel the production of audited financial statements and the audit trail for the class period. (Joint
15   Letter, Dkt. No. 54 at 1-2.)
16        Upon review of the joint letter, the Court deems this matter suitable for disposition without
17   oral argument pursuant to Civil L.R. 7-1(b), and denies Plaintiff's request to compel Defendant to
18   produce documents responsive to Request Nos. 22 and 23.
19                          I.    BACKGROUND
20        On January 8, 2016, Plaintiff filed this putative class action case alleging that Defendant
21   Nutiva, Inc. misleadingly markets various coconut oil products as both healthy and as a healthy
22   alternative to butter and other oils, and that Nutiva's coconut oil labeling and advertising violates
23   several federal and California state food regulations. (Compl., Dkt. No. 2-1 ¶ 1.)  Specifically,
24   Plaintiff accuses Nutiva Organic Virgin Coconut Oil, Nutiva Organic Extra Virgin Coconut Oil,
25   and Nutiva Refined Coconut Oil of being misleading. (Compl. ¶ 49.)  Currently, the parties are
26   engaged in pre-class certification discovery.
27        On September 22, 2016, the district court ruled that Plaintiff had standing to pursue claims
28   against all three products, because they are sufficiently similar for the purposes of his claim that

United States District Court
Northern District of California

1    they are misbranded as a matter of law. (9/22/16 Or., Dkt. No. 55 at 8.)

2                              **II.    LEGAL STANDARD**

3          The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has

4    the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or

5    defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not

6    be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of

7    discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or

8    duplicative, or can be obtained from some other source that is more convenient, less burdensome,

9    or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

10   information by discovery in the action; or (iii) the proposed discovery is outside the scope

11   permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good

12   cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

13   undue burden or expense," including by precluding discovery, by conditioning disclosure or

14   discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope

15   of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on

16   the trial court to decide when a protective order is appropriate and what degree of protection is

17   required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

18         "District courts have broad discretion to control the class certification process, and whether

19   or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v.

20   Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

21                              **III.    DISCUSSION**

22         Plaintiff seeks to compel financial documents responsive to Requests for Production of

23   Documents Nos. 22 and 23.

24         **A.    Request No. 22**

25          Request No. 22 seeks "audited financial statements, on a quarterly and annual basis during

26   the CLASS PERIOD, including without limitation YOUR balance sheets, income statements,

27   statements of retained earnings, statements of cash flows, profit and loss statement, and cost of

28   goods sold statement." (Joint Letter at 1.)

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Defendant initially responded by objecting on the grounds that the request

2        is vague, ambiguous, overly broad and unduly burdensome, and
         harassing, is not proportional to the needs of the case, and as calling

3        for information neither relevant nor reasonably calculated to lead to
         the discovery of admissible evidence. Nutiva further objects that

4        discovery as to financial data concerns "merits" issues for which
         Nutiva contends discovery is premature.

5    (Joint Letter at 1.)  During the meet and confer process, Defendant acknowledged the potential

6    need for these documents to present a damages model and withdrew all objections with the

7    exception that the request remains overly broad, unduly burdensome, and not proportional to the

8    needs of the case. (Joint Letter at 2.)  Specifically, Defendant contends that this "request for

9    company-wide financial audited statements, not limited to the challenged products and not even

10   limited to coconut oil, still remains staggeringly overly broad and not proportional to the needs of

11   the case or to Jones's need to propose a workable damages model for what would be damages

12   related to, at most, three products." *Id.*

13       Plaintiff contends that the information sought is different from the information Nutiva has

14   previously produced, and is highly relevant to determining the damages models Plaintiff may

15   advocate at the class certification stage. (Joint Letter at 1.)  Plaintiff also contends that the request

16   is proportionate to the needs of the case "given the critical nature of a workable damages model to

17   certification." *Id.*

18       Plaintiff does not, however, address Defendant's objection that the request is overbroad.

19   As written, the request seeks company-wide audited financial statements rather than being limited

20   to the challenged products.  Plaintiff does not explain why company-wide financial statements are

21   necessary nor does he agree to narrow the request to those documents pertaining to the challenged

22   products.

23       Accordingly, as written, the Court finds that the request is overbroad and denies Plaintiff's

24   request to compel company-wide financial statements.

25       **B.**    **Request No. 23**

26       Request No. 23 seeks Nutiva's "audit trail during the CLASS PERIOD." (Joint Letter at 2.)

27   Defendant initially responded by objecting on the grounds that the request is

28       vague, ambiguous, overly broad and unduly burdensome, and
         harassing, is not proportional to the needs of the case, and as calling

United States District Court
Northern District of California

1  for information neither relevant nor reasonably calculated to lead to
2  the discovery of admissible evidence. Nutiva further objects to the
   extent this Request calls for information protected by the attorney-
   client privilege and/or attorney work product doctrine.

3  (Joint Letter at 2.)  Nutiva has since waived several objections, and now maintains only its

4  objections "that the material sought may be harassing and is certainly overly broad, unduly

5  burdensome, and not proportional to the needs of the case or to Jones's need to propose a

6  workable damages model for what would be damages related to at most three products." (Joint

7  Letter at 3.)  While Plaintiff contends that producing the audit trail would not be unduly

8  burdensome, because it "is automatically generated by nearly every accounting system," he fails to

9  address the issue of over breadth, and fails to explain how the discovery is proportional to the

10  needs of the case. *See id.*

11  Accordingly, the Court denies Plaintiff's request to compel documents responsive to this

12  request.

13  **IV.   CONCLUSION**

14  In light of the foregoing, the Court denies Plaintiff's request to compel the production of

15  documents in response to Request Nos. 22 and 23.

16  IT IS SO ORDERED.

17  Dated: October 7, 2016

18  _____
   KANDIS A. WESTMORE
19  United States Magistrate Judge