UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JONES,<br>　　　　Plaintiff,<br>　　v.<br>NUTIVA, INC.,<br>　　　　Defendant. | Case No. 3:16-cv-00711-HSG   (KAW)<br><br>**ORDER REGARDING 9/22/16 JOINT LETTER RE: REQUESTS FOR ADMISSION**<br><br>Re: Dkt. No. 57 |

On September 22, 2016, the parties filed a joint discovery letter in which Plaintiff seeks to compel supplemental responses to several of his requests for admission. (Joint Letter, Dkt. No. 57.)

Upon review of the joint letter, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and denies Plaintiff's request to compel Defendant's supplemental responses.

## I.　BACKGROUND

On January 8, 2016, Plaintiff filed this putative class action case alleging that Defendant Nutiva, Inc. misleadingly markets various coconut oil products as both healthy and as a healthy alternative to butter and other oils, and that Nutiva's coconut oil labeling and advertising violates several federal and California state food regulations. (Compl., Dkt. No. 2-1 ¶ 1.)  Specifically, Plaintiff accuses Nutiva Organic Virgin Coconut Oil, Nutiva Organic Extra Virgin Coconut Oil, and Nutiva Refined Coconut Oil of being misleading. (Compl. ¶ 49.)  Currently, the parties are engaged in pre-class certification discovery.

On September 22, 2016, the district court ruled that Plaintiff had standing to pursue claims against all three products, because they are sufficiently similar for the purposes of his claim that they are misbranded as a matter of law. (9/22/16 Or., Dkt. No. 55 at 8.)

On September 16, 2016, the parties filed a joint administrative motion seeking leave to file a joint discovery letter that exceeds five pages, which was granted. On September 22, 2016, the parties filed the instant joint letter, in which Plaintiff seeks to compel responses to several requests for admission. (Joint Letter at 1.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not be admissible to be discoverable. *Id.*

Federal Rule of Civil Procedure 36 authorizes a party to serve "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).  Requests for admission "are sought, first, to facilitate proof with respect to issues that cannot be determined from the case, and second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).  The reason to propound requests for admission is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955).  "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (citing *Reliance Ins. Co. v. Marathon LeTourneau Co.*, 152 F.R.D. 524, 525 (S.D. W.Va. 1994)).

## III.   DISCUSSION

Plaintiff seeks to compel supplemental responses to Requests for Admission Nos. 1, 3, 5, 7, 9, 11, 14, 17, 19, 33-36, and 49-52.

### A.   Request Nos. 1, 3, 5, 7, 9, 11, 14, 17, and 19

These requests ask Nutiva to admit that specific challenged advertising claims were intended to "influence consumers' purchasing decisions" or "to influence consumers." (Joint Letter at 2.)  Nutiva raised identical objections to each request:

> Nutiva raises its objection to Definition 7, stated above. Subject to

1  and without waiving the foregoing objection, Nutiva answers as follows: Nutiva has performed a reasonable inquiry into this request and at this time lacks the knowledge or information required to admit or deny the request.

2

3  (Joint Letter at 2-4.)

4  Plaintiff contends that the requests only require Nutiva to admit or deny its own state of
5  mind, which is possible after conducting a reasonable inquiry. (Joint Letter at 4.)  Defendant
6  argues that the phrase "to influence consumers' purchasing decisions" is a stand-in phrase for the
7  materiality requirement for alleged misrepresentations under the UCL. (Joint Letter at 5.)

8  Generally, requests for admission are improper when they concern disputes at the heart of
9  the litigation, because those disputes should be resolved at trial. *Stokes v. Interline Brands Inc.*,
10  2013 WL 6056886, at *2 (N.D. Cal. Nov. 14, 2013)(citations omitted).  Here, Plaintiff's requests
11  essentially seek the admission of the UCL claim, which is improper.

12  Accordingly, Plaintiff's request to compel supplemental responses to Request Nos. 1, 3, 5,
13  7, 9, 11, 14, 17, and 19 is denied.

14  **B.      Request Nos. 33-36 and 49-52**

15  These requests ask Nutiva to admit that the challenged coconut oil labels violated certain
16  federal regulations. (Joint Letter at 6.)  Again, Nutiva raised identical objections to each request:

17  Nutiva raises its objection to Definition 7, stated above. Nutiva further objects to this request as vague and ambiguous, as calling for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and as calling for information not proportional to the needs of this case. Nutiva also objects to this request on the grounds that it improperly seeks to compel the admission of a conclusion of law.

18

19

20

21  (Joint Letter at 6-8.)  Nutiva has since waived all objections with the exception of the objection
22  that the requests, as written, improperly seek to compel a legal conclusion. (Joint Letter at 9.)

23  Under Rule 36, requests for admission may properly relate to "the application of law to
24  fact," but "requests for admissions cannot be used to compel an admission of a conclusion of law."
25  *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 3290402, at *2 (N.D. Cal. Nov. 13,
26  2006)(quoting *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999)).
27  Plaintiff's attempts to characterize these requests as calling for an application of law to fact are not
28  persuasive. (Joint Letter at 8.)  Here, the requests call for Nutiva to admit or deny that it violated

3

certain FDA regulations, which, therefore, improperly seeks the admission of conclusions of law.

Accordingly, Plaintiff's request to compel supplemental responses to Request Nos. 33-36 and 49-52 is denied.

### IV. CONCLUSION

In light of the foregoing, Plaintiff's request to compel supplemental responses to the requests for admission is denied.

IT IS SO ORDERED.

Dated: October 11, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge