Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
William P. Cole, Bar No. 186772
  wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Appearance *Pro Hac Vice:*
Rakesh M. Amin, Illinois Bar No. 6228751
  rakesh@amintalati.com
Ryan M. Kaiser, Illinois Bar No. 6269873
  ryan@amintalati.com
Sanjay S. Karnik, Illinois Bar No. 6300156
  sanjay@amintalati.com
AMIN TALATI & UPADHYE, LLC
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Tel:   (312) 327-3382
Fax:   (312) 884-7352

Attorneys for Defendant Nutiva, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JONES, on behalf of himself, all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>        vs.<br><br>NUTIVA, INC.,<br><br><br>        Defendant. | Case No.  3:16-cv-00711 HSG-KAW<br><br>**DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT IN PART**<br><br>Date: January 19, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 10<br>Hon. Haywood S. Gilliam, Jr.<br>Complaint Filed: January 8, 2016<br>Trial Date: None Set |

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 19, 2017, at 2:00 p.m. or as soon thereafter as they may be heard by the Honorable Haywood S. Gilliam, Jr., in Courtroom 10 of this Court, Defendant Nutiva, Inc. ("Nutiva") will, and hereby does, move the Court for an order dismissing the First Amended Complaint filed by Plaintiffs Preston Jones and Shirin Delalat for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, without leave to amend.

This motion is made under Fed. R. Civ. P. 12(b)(1) on the grounds that (a) Plaintiffs lack Article III standing to assert claims that Nutiva's Refined Coconut Oil are likely to deceive or mislead a reasonable consumer, since neither Jones or Delalat purchased this product; and (b) Plaintiffs lack Article III standing to assert any injunctive relief claims in this case because they have not alleged that they intend to purchase the challenged Nutiva Coconut Oil products again in the future. This motion is also made pursuant to Rule 12(b)(6) on the grounds that (c) no reasonable consumer purchases any food product with the expectation that it "would only make positive contributions to health"; (d) Delalat has not sufficiently alleged with particularity what label statements she relied upon when purchasing Nutiva's Virgin and Extra-Virgin products, and similarly, which Extra-Virgin label she has purchased (the red label, yellow label, or both); and (e) Delalat's reliance on the statement "World's Best Cooking Oil" is entirely unreasonable because, even when taken into context with the entire label, this statement constitutes classic non-actionable puffery.

/ / /
/ / /
/ / /
/ / /
/ / /

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

1    This motion is based upon this Notice, the accompanying Memorandum of Points

2  and Authorities, the pleadings and files in this action, and such other matters as may be

3  presented at or before the hearing.

4

5  Dated: December 19, 2016                 CALL & JENSEN

6                                           A Professional Corporation
                                            Matthew R. Orr
7                                           William P. Cole

8                                           By:*/s/ Matthew R. Orr*

9                                           Matthew R. Orr

10                                          Appearance *Pro Hac Vice:*

11                                          AMIN TALATI UPADHYE, LLP
                                            Rakesh M. Amin
12                                          Ryan M. Kaiser
                                            Sanjay S. Karnik
13

14                                          By: */s/ Sanjay S. Karnik*

15                                          Sanjay S. Karnik
                                            Appearance *Pro Hac Vice*
16

17                                          Attorneys for Defendant Nutiva, Inc.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

1

**TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION ..................................................................................... 1

4

II.   THE COMPLAINT ................................................................................... 2

5

6

      A.    Plaintiffs' Allegations Regarding Coconut Oil, Generally ............ 2

7

      B.    The Challenged Nutiva Coconut Oil Products ............................... 3

8

      C.    Jones's Purchase of Nutiva Virgin Coconut Oil ............................ 4

9

10

      D.    Delalat's Purchase of Nutiva Extra-Virgin and Virgin
            Coconut Oil ................................................................................... 4

11

III.  STANDARDS GOVERNING THIS MOTION ......................................... 5

12

      A.    Standing ......................................................................................... 5

13

      B.    Rules 12(b)(6) and 9(b) ................................................................. 5

14

      C.    Request for Judicial Notice ........................................................... 6

15

16

17

IV.   PLAINTIFFS LACK STANDING TO BRING "REASONABLE
      CONSUMER" CLAIMS FOR NUTIVA REFINED COCONUT
      OIL. ....................................................................................................... 7

18

19

V.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE
      RELIEF ................................................................................................... 8

20

VI.   THE FAC FAILS THE "REASONABLE CONSUMER TEST" .............. 8

21

22

VII.  DELALAT FAILS TO PLEAD RELIANCE WITH
      PARTICULARITY ................................................................................ 11

23

24

VIII. "WORLD'S BEST COOKING OIL" IS CLEARLY NON-
      ACTIONABLE PUFFERY ..................................................................... 12

25

IX.   CONCLUSION....................................................................................... 13

26

27

28

- i -

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

1

## **TABLE OF AUTHORITIES**

2
**Page**

3
### **FEDERAL CASES**

4
*Ang v. Bimbo Bakeries USA, Inc.*,

5
   2014 U.S. Dist. LEXIS 34443, *26-28 (N.D. Cal. Mar. 13, 2014) .............................7

6
*Ashcroft v. Iqbal*,

7
   556 U.S. 662 (2009) ...................................................................................................6

8
*Bell Atl. Corp. v. Twombly*,

9
   550 U.S. 540 (2007) ...................................................................................................6

10
*Boswell v. Costco, Inc., No. SA CV 16-0278-DOC (DFMx)*,

11
   2016 U.S. Dist. LEXIS 73926, at *18-20 (C.D. Cal. June 6, 2016)..........................10

12
*Brazil v. Dole Food Co.*,

13
   No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) ...................8

14
*Chapman v. Pier 1 Imports (U.S.) Inc.*,

15
   631 F.3d 939 (9th Cir. 2011)......................................................................................8

16
*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,

17
   911 F.2d 242 (9th Cir. 1990)....................................................................................11

18
*Davis v. HSBC Bank Nevada, N.A.*,

19
   691 F.3d 1152 (9th Cir. 2012) ...................................................................................7

20
*Dumas v. Diageo PLC, No. 15cv1681 BTM(BLM)*,

21
   2016 U.S. Dist. LEXIS 46691, at *6 (S.D. Cal. Apr. 6, 2016)..................................10

22
*Ebner v. Fresh, Inc.*,

23
   818 F.3d 799 (9th Cir. 2016)..................................................................................9, 10

24
*Figy v. Frito-Lay*,

25
   67 F. Supp. 3d 1075 (N.D. Cal. 2014) .....................................................................10

26
*Freeman v. Time, Inc.*,

27
   68 F.3d 285 (9th Cir. 1995)......................................................................................10

28

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

1          **<u>TABLE OF AUTHORITIES (cont'd)</u>**

2                                                                        <u>Page</u>

3   *Gallagher v. Chipotle Mexican Grill, Inc.*,

4          No. 15-CV-03952-HSG, 2016 WL 454083 (N.D. Cal. Feb. 5, 2016).........................8

5   *Glen Holly Entm't, Inc. v. Tektronix, Inc.*,

6          352 F.3d 367 (9th Cir. 2003)....................................................................................11

7   *Hodgers-Durgin v. De La Vina*,

8          199 F.3d 1037 (9th Cir. 1999) .................................................................................8

9   *In re Ferrero Litigation*,

10         794 F. Supp. 2d 1107 (S.D. Cal. 2011)...................................................................10

11  *In re Gilead Scis. Secs. Litig.*,

12         536 F.3d 1049 (9th Cir. 2008) ...................................................................................6

13  *K&N Eng., Inc. v. Spectre Performance, No. EDCV 09-01900-VAP (DTBx)*,

14         2011 U.S. Dist. LEXIS 107681, at *52 (C.D. Cal. Sept. 20, 2011) ...........................12

15  *Kearns v. Ford Motor Co.*,

16         567 F.3d 1120 (9th Cir. 2009) ...................................................................................6

17  *Lema v. Courtyard Marriott Merced*,

18         873 F. Supp. 2d 1264 (E.D. Cal. 2012).....................................................................5

19  *Lujan v. Defenders of Wildlife*,

20         504 U.S. 555 (1992)...................................................................................................5

21  *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

22         519 F.3d 1025 (9th Cir. 2008) ...................................................................................6

23  *Mendiondo v. Centinela Hosp. Med. Ctr.*,

24         521 F.3d 1097 (9th Cir. 2008) ...................................................................................6

25  *Parent v. MillerCoors, LLC*,

26         No. 15-cv-1204, 2015 WL 6394228 (S.D. Cal. Oct. 22, 2015)...................................8

27  *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,

28         227 F.3d 489 (5th Cir. 2000).....................................................................................12

1

## TABLE OF AUTHORITIES (cont'd)

2

<u>Page</u>

3

*Red v. Kraft Foods, Inc.*,

4

No. CV 10-1028-GW (AGRx), 2012 U.S. Dist. LEXIS 164461, 2012 WL 5504011

5

(C.D. Cal. Oct. 25, 2012) ..................................................................................9

6

*Romero v. Flowers Bakeries, LLC*,

7

2016 U.S. Dist. LEXIS 15868 (N.D. Cal. Feb. 8, 2016) ...........................................11

8

*Semegen v. Weidner*,

9

780 F.2d 727 (9th Cir. 1985).................................................................................6

10

*Smith v. Allmax Nutrition, Inc.*,

11

No. 1:15-cv-00744-SAB, 2015 WL 9434768 (E.D. Cal. Dec. 24, 2015) ...................6

12

*Spokeo, Inc. v. Robins*,

13

136 S. Ct. 1540 (2016) .........................................................................................5

14

*Sud v. Costco Wholesale Corp., No. 15-cv-03783-JSW*,

15

2016 U.S. Dist. LEXIS 5524, at *9 (N.D. Cal. Jan. 15, 2016)..................................12

16

*Vess v. Ciba-Geigy Corp. USA*,

17

317 F.3d 1097 (9th Cir. 2003) ...............................................................................6

18

*Victor v. R.C. Bigelow, Inc.*,

19

No. 13-cv-02976-WHO, 2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ....................8

20

*Warth v. Seldin*,

21

422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)...............................................5

22

*Williams v. Gerber Prods. Co.*,

23

552 F.3d 934 (9th Cir. 2008)................................................................................9

24

### STATE CASES

25

*Lavie v. Procter & Gamble Co.*,

26

105 Cal. App. 4th 496, 129 Cal. Rptr. 2d 486, (Cal. Ct. App. 2003) .........................9

27

### FEDERAL STATUTES

28

Article III of the United States Constitution .................................................................5

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

# TABLE OF AUTHORITIES (cont'd)

**Page**

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ........................................................................5

Cal. Bus. & Prof. Code § 17500 ........................................................................5

Cal. Civ. Code § 1750 ........................................................................................5

Cal. Comm. Code § 2313(1) ..............................................................................5

Cal. Comm. Code § 2314 ...................................................................................5

## FEDERAL RULES

Fed. R. Civ. Proc. 9(b) ...................................................................................5, 6

Fed. R. Civ. Proc. 12 .........................................................................................1

Fed. R. Civ. Proc. 12(b)(1) ...............................................................................5

Fed. R. Civ. Proc. 12(b)(6) ...........................................................................5, 6

Fed. R. Civ. Proc. 15(a)(3) ................................................................................1

Fed. R. Evid. 201(b) ..........................................................................................7

- iv -

DEFENDANT NUTIVA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT IN PART

## STATEMENT OF ISSUES TO BE DECIDED PER CIVIL LR 7-4(a)(3)

1.   ***Standing (Non-Purchased Products).***   Whether Plaintiffs lack standing to bring "reasonable consumer" claims related to Nutiva's Refined Coconut Oil label.

2.   ***Standing (Injunctive Relief).***   Whether Plaintiffs lack standing to assert claims for injunctive relief.

3.   ***Allegations of Deception.***   Whether any reasonable consumer purchases food products expecting them to have "only positive contributions to health."

4.   ***Reliance (Delalat).***   Whether Delalat has sufficiently alleged with particularity the statements she relied upon when purchasing the Nutiva Extra Virgin and Virgin Coconut Oils.

5.   ***Puffery ("World's Best Cooking Oil").***   Whether, even taking into account the entire context of the challenged Nutiva Coconut Oils, the statement "World's Best Cooking Oil" could mislead any reasonable consumer because it constitutes classic non-actionable puffery.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Following the dismissal of certain claims of non-purchased products (Dkt. No. 55, hereinafter "MJOP Order"), on December 5, 2016 Plaintiff Preston Jones and new Plaintiff Shirin Delalat filed a First Amended Complaint, seeking to restore previously dismissed claims and raising new allegations and injuries.   Dkt. No. 73 ("FAC"). Pursuant to Fed. R. Civ. P. 15(a)(3), Defendant Nutiva, Inc. timely files this responsive pleading to the FAC.

The FAC should be dismissed in part for failing to address prior pleading deficiencies and for failing to state a claim as to certain new allegations.   Plaintiffs have two Article III standing deficiencies.   First, while Delalat alleges to have purchased Nutiva Extra Virgin and Virgin Coconut Oils, she has not purchased the Nutiva Refined Coconut Oil product.   Therefore, by not having ever purchased the Refined product,

neither Jones or Delalat possess standing to assert claims that Nutiva's Refined Coconut Oil are likely to deceive or mislead a reasonable consumer.  The Court should simply reassert its prior holding in this regard as to the Nutiva Refined product because Delalat's addition to the case does not salvage this claim.  MJOP Order at 8-9.  Second, for the same reasons previously expressed in the MJOP Order, the Court should dismiss Plaintiffs' injunctive relief claims because neither Jones nor Delalat allege that they intend to purchase the challenged Nutiva products in the future.  *Id.* at 15-16.

The FAC fails to state a claim in other respects.  For one, both Jones and Delalat now allege that they purchased the challenged cooking oil products because they thought they would "only make positive contributions to health" and "would not detriment" by their health.  FAC ¶¶ 96, 113. Plaintiffs cannot possibly lead or pursue class relief based on their personally unreasonable beliefs because no reasonable consumer purchases any food product thinking that it would only have "positive contributions to health," and Nutiva's labels do not imply or attempt to evoke such belief.  For this reason, the FAC fails to state any "reasonable consumer" claim.

Additionally, Delalat's UCL, FAL and CLRA claims fail because she does not plead with sufficient particularity as to what labeling claims she believed made the products seem healthy and therefore relied upon in purchasing the Extra-Virgin and Virgin products.  Nor does she allege what Extra-Virgin label(s) she purchased. Additionally, her claim that "World's Best Cooking Oil" implies that the product is healthy should be dismissed as a class non-actionable puffery, even when considering the entire context of the labels.

For all of these reasons, the FAC should be dismissed in part.

## II.   THE COMPLAINT

### A.   Plaintiffs' Allegations Regarding Coconut Oil, Generally

Coconut oil is fat and over 90% saturated fat.  FAC ¶ 51.  Plaintiffs allege that saturated fat increases the risk of cardiovascular heart disease ("CHD") and other morbidities.  *Id.* ¶¶ 19-30.  Asserting there is a "positive linear trend between total

saturated fatty acid intake and total and low density lipoprotein (LDL) cholesterol concentration and increased risk of [CHD][,]" Plaintiffs allege that there is no safe level of saturated fat intake. *Id.* ¶¶ 20, 24.  Thus, Plaintiffs allege that coconut oil increases the risk of CHD and other morbidities. *Id.*  ¶ 35.  In contrast, they allege that the consumption of dietary cholesterol has no impact on blood cholesterol levels. *Id.* ¶¶ 31–34.

### B.    The Challenged Nutiva Coconut Oil Products

Plaintiffs challenge Nutiva's Organic Extra Virgin, Organic Virgin and Refined Coconut Oils, and added a red-colored Extra Virgin label to the particular labels challenged. *Id.* ¶ 48.  The Nutrition Facts box on each of the products indicates that each 1 tablespoon (or 15mL) serving of the Nutiva Coconut Oils contains 130 calories, "all of which come from fat: in each 14-gram serving there are 14 grams of fat.  Further, each 14-gram serving contains 13 grams of saturated fat." *Id.* ¶ 51.  Plaintiffs allege that through various labeling statements, "Nutiva markets and advertises the products as both inherently healthy, and as healthy alternatives to butter, even though the products' total and saturated fat content render them both inherently unhealthy, and less healthy alternatives to butter." *Id.* ¶ 55.  Plaintiffs further allege that Nutiva attempts to reinforce misleading health claims by highlighting that the products contain "62% MCTs" or similar statements regarding medium chain triglycerides. *Id.*  ¶ 61.  Plaintiffs additionally allege that the statements "non-hydrogenated," "zero trans fats" and/or "0g trans fats" falsely gives the impression that the products are healthy, and that the statement "superfood" gives the impression that the Nutiva Coconut Oils will "only make positive contributions to health without revealing that the products consumption will increase risk of serious illness." *Id.*  ¶¶ 62, 63.  Plaintiffs additionally allege that the challenged products are misbranded for making unauthorized nutrient content claims. *Id.* ¶¶ 79-93.

### C.    Jones's Purchase of Nutiva Virgin Coconut Oil

Jones resides in Virginia.  *Id.* ¶ 4.  Despite his purported disdain for saturated fat, he alleges that he twice purchased Nutiva Virgin Coconut Oil (which is expressly labeled as containing 13 grams of saturated fat per serving).  *Id.* ¶¶ 51, 94.  Specifically, he alleges that, in or about January 2013, he purchased a 15-ounce jar of Nutiva Virgin Coconut Oil in Virginia Beach, Virginia, for about $13 or $15.  *Id.* ¶ 94.  In February 2014, he allegedly purchased the same product, again in Virginia Beach, for about $15. *Id.*

Jones alleges that, when deciding to purchase the Nutiva Virgin Coconut Oil, he read and relied upon the following statements on the product's label: (a) "Nurture Vitality"; (b) "Organic Superfood"; (c) "100% less cholesterol than butter"; (d) "Coconut is one of the world's most nourishing foods"; (e) "Contains 62% medium chain triglycerides (MCTs) along with lauric acid and caprylic acids"; (f) "is 'better than butter'"; (g) "A nutritious substitute in baking"; and (h) "0g trans fat" and "non-hydrogenated."  *Id.* ¶ 95.  Based on these statements, in the original Complaint, Jones "believed Nutiva [Organic] Virgin Coconut Oil was healthy, healthier than butter, and would not raise or otherwise detriment his blood cholesterol levels."  MJOP Order at 2 (quoting the Original Complaint, Dkt. No. 2-1 ¶ 95).  In the FAC, however, Jones states that he believed Nutiva Virgin Coconut Oil "would only make positive contributions to health and would not detriment his health."  *Id.* ¶ 96.  Jones alleges that he and other members of the class suffered impaired arterial endothelial function and increased risk of CHD and morbidity.  *Id.* ¶¶ 99-100.

### D.    Delalat's Purchase of Nutiva Extra Virgin and Virgin Coconut Oil

Delalat purchased Nutiva Extra Virgin and Virgin Coconut Oil on multiple occasions from Costco stores located in San Diego "over the past several years[.]"  *Id.* ¶ 110.  Delalat alleges that she "relied on labeling claims that made the products seem healthy, including, *inter alia,*  "World's Best Cooking Oil," and "100% Less Cholesterol than Butter."  *Id.*  ¶ 111.  Delalat consumed several teaspoons per day.  *Id.*

1    ¶ 112.  Delalat also believed that the Nutiva Coconut Oils "would only make positive

2    contributions to health and would not detriment her health[,]" and similarly that the

3    products "would only positively affect her health[.]"  *Id.* ¶¶ 113-114.

4          Plaintiffs state five causes of action: (1) violation of California's Unfair

5    Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of

6    California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.;

7    (3) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ.

8    Code § 1750, et seq.; (4) breach of express warranties under California Commercial

9    Code § 2313(1); and (5) breach of the implied warranty of merchantability under

10   California Commercial Code § 2314.

11   **III.   STANDARDS GOVERNING THIS MOTION**

12        **A.   Standing**

13        A party raises a defense of lack of subject matter jurisdiction by filing a motion

14   under Fed. R. Civ. P. 12(b)(1).  Article III of the United States Constitution requires

15   three minimum components of standing: the plaintiff must have (1) suffered an injury in

16   fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

17   likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins,* 136 S.

18   Ct. 1540, 1547 (2016).  To establish injury in fact, a plaintiff must show that he or she

19   suffered "an invasion of a legally protected interest" that is "concrete and

20   particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* at 1548

21   (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

22        In ruling on a motion to dismiss for want of standing, the court must accept as

23   true all material allegations of the complaint and construe the complaint in favor of the

24   complaining party.  *Lema v. Courtyard Marriott Merced,* 873 F. Supp. 2d 1264, 1267

25   (E.D. Cal. 2012) (citing *Warth v. Seldin,* 422 U.S. 490, 501-02, 95 S. Ct. 2197, 45 L.

26   Ed. 2d 343 (1975)).

27        **B.   Rules 12(b)(6) and 9(b)**

28        "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

All of Plaintiffs' claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because the Complaint alleges a "unified course of conduct" that is "grounded in fraud." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1123 (9th Cir. 2009); *Smith v. Allmax Nutrition, Inc.,* No. 1:15-cv-00744-SAB, 2015 WL 9434768, at *2 (E.D. Cal. Dec. 24, 2015). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985). This includes "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

### C.   Request for Judicial Notice

In weighing this Motion, Nutiva asks the Court under to consider the two attached label samples of Nutiva Extra Virgin Coconut Oil produced to Plaintiff during discovery. The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under the incorporation by reference doctrine, the Court has discretion to consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

Here, where Plaintiffs seek to introduce an entirely new label into the case without averring whether they purchased Defendant's products bearing said label, Nutiva submits that a closer review of the labels will aid the Court's decision as to whether Plaintiffs have adequately pled with particularity as to certain claims. *See* Attachment 1, Nutiva Extra Virgin Yellow Label; and Attachment 2, Nutiva Extra Virgin Red Label.

## IV.   PLAINTIFFS LACK STANDING TO BRING "REASONABLE CONSUMER" CLAIMS FOR NUTIVA REFINED COCONUT OIL

Neither Jones nor Delalat purchased the challenged Nutiva Refined Coconut Oil. While Plaintiffs can likely pursue "misbranded as a matter of law" claims for this non-purchased product for reasons previously expressed by the Court, MJOP Order at 7-8, the Court should consistently follow its previous decision and hold that Plaintiffs lack standing to assert that Nutiva Refined Coconut Oil "is likely to deceive or mislead a reasonable consumer, since [they] did not purchase [this product[]." *Id.* at 8.

By following the Hon. William H. Orrick's "substantially similar" test and reasoning set forth in *Ang v. Bimbo Bakeries USA, Inc.*, 2014 U.S. Dist. LEXIS 34443, *26-28 (N.D. Cal. Mar. 13, 2014), this Court has established that the "Extra Virgin, Virgin, and Refined labels are different and do not all contain the same allegedly misleading statements." *Id.* at 8. "For this reason, determining whether Defendant's representations would mislead a reasonable consumer will involve a separate fact-specific analysis for each label." *Id.* Delalat, who has never purchased Nutiva Refined Coconut Oil, cannot revive this aspect of Jones's dismissed claims. Therefore, all

- 7 -

1    "reasonable consumer" claims related to the Nutiva Refined Coconut Oil should be

2    dismissed for lack of standing.[1]

3    **V.    PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF**

4           Because neither Jones nor Delalat allege that they intend to purchase the

5    challenged Nutiva Coconut Oil products in the future, all injunctive relief claims from

6    the FAC, related to any of the three challenged products, should also be dismissed for

7    lack of standing.

8           To have standing to seek prospective injunctive relief under Article III, a plaintiff

9    must "demonstrate a real and immediate threat of repeated injury in the future."

10   *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal

11   quotation marks omitted). In a putative class action, this requirement applies fully to the

12   named plaintiff personally.  *Hodgers-Durgin v. De La Vina,* 199 F.3d 1037, 1044-45

13   (9th Cir. 1999); *Parent v. MillerCoors, LLC,* No. 15-cv-1204, 2015 WL 6394228, at

14   *10 (S.D. Cal. Oct. 22, 2015).  Here, Jones and Delalat state that they would not have

15   purchased the challenged Nutiva Coconut Oil products if they knew they (allegedly)

16   misbranded.  FAC ¶¶ 107, 124.  "As such, it is entirely implausible that Plaintiff[s]

17   risk[] being harmed by Defendant's alleged misrepresentations again." MJOP Order at

18   16.  Therefore, the Court should adhere to its prior ruling and dismiss Plaintiffs'

19   injunctive relief claims.  *Id.* (citing *Gallagher v. Chipotle Mexican Grill, Inc.*, No. 15-

20   CV-03952-HSG, 2016 WL 454083, at *3 (N.D. Cal. Feb. 5, 2016)).

21   **VI.   THE FAC FAILS THE "REASONABLE CONSUMER TEST"**

22          This Court previously held that "[i]t is plausible that a reasonable consumer could

23

24   [1] Though the Court has previously acknowledged that Jones does not assert stand-alone claims based
     on the Nutiva website statements, MJOP Order at 9, to the extent Delalat asserts such stand-alone
25   claims, they should similarly be dismissed because Delalat never alleges that she has viewed the
     Nutiva website, either.  *See, e.g., Brazil v. Dole Food Co.,* No. 12-CV-01831-LHK, 2013 WL
26   5312418, at *8-9 (N.D. Cal. Sept. 23, 2013) (dismissing plaintiff's UCL, FAL and CLRA claims based
     on "website statements he never viewed"); *Victor v. R.C. Bigelow, Inc.,* No. 13-cv-02976-WHO, 2014
27   WL 1028881, at *13 (N.D. Cal. Mar. 14, 2014) ("Because Victor does not allege that he viewed the
     website, he could not have actually relied on it.").
28

interpret statements such as '0g trans fat' and '100% less cholesterol than butter' to indicate that Defendant's Virgin Coconut Oil is healthy, healthier than butter, or at least does not negative impact one's cholesterol levels."  MJOP Order at 11.  Despite this favorable ruling, in their FAC Plaintiffs have left reasonableness and crossed the Rubicon into unreasonableness, now alleging that they purchased the Nutiva Virgin and Extra Virgin Coconut Oils because they believed that they would "only make positive contributions to health and would not detriment" their health in any way.  FAC ¶¶ 96, 113.

Because no reasonable consumer would purchase *any* food product believing it would "only make positive contributions to health," the FAC fails the reasonable consumer test.  Deceptive labeling claims under the UCL, FAL, and CLRA are evaluated by whether a "reasonable consumer" would likely be deceived.  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation omitted). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 818 F.3d 799, 806 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508, 129 Cal. Rptr. 2d 486, (Cal. Ct. App. 2003)).  Defendant recognizes that granting a motion to dismiss on this ground generally only occurs when "the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived."  *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW (AGRx), 2012 U.S. Dist. LEXIS 164461, 2012 WL 5504011, at *2 (C.D. Cal. Oct. 25, 2012) (quoting *Williams*, 552 F.3d at 939) (citation omitted).  Plaintiffs' unreasonable manner of viewing the challenged Nutiva Coconut Oil labels presents this impossible situation.

Plaintiffs cannot show that "members of the public are likely to be deceived" into believing that *any* food product makes "only positive contributions to health" and does

1  not "detriment" health.  *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995).  The

2  Ninth Circuit has held that a reasonable consumer understands the basic mechanisms of

3  a lip balm tube.  *Ebner,* 818 F.3d at 806.  A sister court has held that no reasonable

4  consumer would believe that Red Stripe beer, despite its Jamaican-influenced labeling

5  and references to Jamaica, "would be misled into thinking that [it] is made in Jamaica

6  with Jamaican ingredients based on the wording of the packaging and labeling."  *Dumas*

7  *v. Diageo PLC,* No. 15cv1681 BTM(BLM), 2016 U.S. Dist. LEXIS 46691, at *6 (S.D.

8  Cal. Apr. 6, 2016).  The "reasonable consumer" standard is therefore not merely

9  ceremonial but a real one requiring some objectively plausible belief about a product.

10       Prior "reasonable consumer test" decisions have relied upon some colorable or

11  plausible belief about the health effects of a foodstuff, including this case's prior Order.

12  *Boswell v. Costco, Inc.,* No. SA CV 16-0278-DOC (DFMx), 2016 U.S. Dist. LEXIS

13  73926, at *18-20 (C.D. Cal. June 6, 2016) (discussing food cases where pleadings pass

14  the "reasonable consumer" test).  But no plaintiff has successfully alleged that members

15  of the public are likely to believe that a food only has positive benefits.  In *In re Ferrero*

16  *Litigation,* the plaintiffs did not claim to believe that Nutella would only positively

17  affect childrens' health.  794 F. Supp. 2d 1107 (S.D. Cal. 2011).  In *Figy v. Frito-Lay,*

18  the Hon. Samuel Conti, faced with a nearly identical allegation from the putative

19  plaintiffs, determined that no reasonable consumer would view undisputed statements

20  about fat and then "conclude that the Products 'made only positive contributions to a

21  diet…'".  67 F. Supp. 3d 1075, 1080 (N.D. Cal. 2014) (quoting the allegation in the

22  complaint).

23       In this case, Plaintiffs' beliefs are all the more unreasonable given their other

24  allegations.  Plaintiffs disdain saturated fat.  FAC ¶¶ 19-45.  Given that, in this motion,

25  all allegations are presumed true, all reasonable consumers then must also believe that

26  saturated fat at least tends to be bad.  If all reasonable consumers believe that saturated

27  fat tends to be bad, then no reasonable consumer would purchase coconut oil believing

28  that it only makes "only positive contributions to health."  Nutiva denies any of

1  Plaintiffs' supposed scientific or health conclusions in the FAC, but merely points out

2  the fallacy in or illogic in what Plaintiffs think reasonable consumers believe.

3  Plaintiffs' FAC goes one step too far in alleging that members of the public are

4  likely to be deceived into thinking that *any* food product makes "only positive

5  contributions to health." Therefore, the FAC fails "the reasonable consumer" test.

6  **VII.  DELALAT FAILS TO PLEAD RELIANCE WITH PARTICULARITY**

7  Delalat fails to identify with sufficient particularly under Rule 9(b) what

8  statements on the Nutiva Virgin and Extra Virgin labels she relied upon in making her

9  purchases. "The common theme that seems to run through cases . . . is that consumer

10  reliance will be induced by specific rather than general assertions." *Romero v. Flowers*

11  *Bakeries, LLC,* 2016 U.S. Dist. LEXIS 15868 (N.D. Cal. Feb. 8, 2016) (quoting *Cook,*

12  *Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,* 911 F.2d 242, 246 (9th Cir.

13  1990); see also *Glen Holly Entm't, Inc. v. Tektronix, Inc.,* 352 F.3d 367, 379 (9th Cir.

14  2003) (consumer cannot rely on "generalized, vague and unspecific assertions").

15  Delalat fails to identify the "what", "which" or "when" of her allegations. First,

16  while Delalat generally alleges that she relied upon labeling claims, FAC ¶ 111, she

17  does not identify *what statements* she relied upon, as Jones does. Instead, she only

18  gives two examples without concretely alleging whether they constitute the entirety of

19  the statements she relied upon. *Id.* Second, Delalat fails to allege *which* Extra Virgin

20  label she purchased (the yellow, red, or both). Through Delalat Plaintiffs also seek to

21  introduce a fourth label into the case, a red Extra Virgin label. FAC ¶ 48. The yellow

22  and red labels are markedly different, and contain different statements. The yellow

23  label contains the statement "World's Best Cooking Oil." *See* Attachment 1. The red

24  label does not contain "World's Best Cooking Oil" but contains "Nature's Ideal All-

25  Purpose Oil." *See* Attachment 2. Plaintiffs reference both statements but fail to identify

26  which Extra Virgin label Delalat purchased. FAC ¶¶ 48, 56, 57.

27  Third, Delalat fails to allege *when* she purchased the Nutiva Coconut Oil

28  products, denying Nutiva the appropriate notice it is due when faced with averments of

fraud. As a Costco customer with a membership card, it should have been rather simple for Delalat to allege *when* she purchased the challenged products. *Sud v. Costco Wholesale Corp.,* No. 15-cv-03783-JSW, 2016 U.S. Dist. LEXIS 5524, at *9 (N.D. Cal. Jan. 15, 2016). Knowing *when* she purchased the products would allow Nutiva to determine whether Delalat indeed has standing to bring claims for either the yellow or red label. Knowing *when* Delalat purchased the challenged products would allow Nutiva to review the likely labels sold during the particular time period (if they were even sold at Costco at all), and determine whether certain label statements existed within the applicable statute of limitations periods or outside of them. Without this information, any putative class representative could skirt concrete injury requirements and vaguely introduce labels without averring whether they purchased labels bearing those products.

As the FAC currently stands, this Court cannot conduct its context-specific analysis of the red label to determine whether Delalat purchased it and thus has standing to bring red label claims. MJOP Order at 6-7. Because Delalat fails to allege the what, which, and when of her Nutiva Coconut Oil purchases, her "reasonable consumer" claims should be dismissed in their entirety.

## VIII. "WORLD'S BEST COOKING OIL" IS CLEARLY NON-ACTIONABLE PUFFERY

Where she does provide scant detail of the statements she relied upon, Delalat identifies a statement, "World's Best Cooking Oil," that is clearly non-actionable puffery—even when considering the context of the label as a whole. FAC ¶ 111. A claim that a product is the "best" is classic non-actionable puffery. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497-98 (5th Cir. 2000); *See K&N Eng., Inc. v. Spectre Performance,* No. EDCV 09-01900-VAP (DTBx), 2011 U.S. Dist. LEXIS 107681, at *52 (C.D. Cal. Sept. 20, 2011) ("the phrase 'World's Best Filter' is a prototypical example of puffery"). Because as argued *supra,* Delalat fails to provide any context into what labeling statements she relied upon, there is no entire label to

1   review as it pertains to her claims.   Therefore, the Court should determine that the

2   "World's Best Cooking Oil" statement alone constitutes non-actionable puffery based

3   on the overwhelming case law holding as much.

4   **IX.   CONCLUSION**

5       For the foregoing reasons, the Court should grant this motion.

6

7   Dated:  December 19, 2016        CALL & JENSEN
                      A Professional Corporation

8                         Matthew R. Orr
                      William P. Cole

9                         By:*/s/ William P. Cole*
                           Matthew R. Orr

10

11                        Appearance *Pro Hac Vice*:
                      AMIN TALATI & UPADHYE, LLC

12                        Rakesh M. Amin
                      Ryan M. Kaiser

13                        Sanjay S. Karnik

14                        By: */s/ Sanjay S. Karnik*
                         Sanjay S. Karnik

15                         Appearance *Pro Hac Vice*

16                        Attorneys for Defendant Nutiva, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2016, I electronically filed the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS IN PART** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Sanjay S. Karnik*
Sanjay S. Karnik
Appearance *Pro Hac Vice*