
**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

*Counsel for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JONES and SHIRIN DELALAT, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NUTIVA, INC.,<br><br>Defendant. | Case No: 3:16-cv-00711-HSG<br><br>**DECLARATION OF MELANIE PERSINGER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:   July 13, 2017<br>Time:   2:00 p.m.<br>Place:  Courtroom 2, 4th Floor<br>Judge:  Hon. Haywood S. Gilliam, Jr. |

I, Melanie Persinger, declare as follows:

1. I am a member in good standing of the State Bar of California; of the United States District Courts for the Northern, Central, and Southern Districts of California; and of the United States Court of Appeals for the Ninth Circuit. I am counsel for plaintiffs and the proposed class. I make this declaration based on my own personal knowledge in support of plaintiffs' motion for attorneys' fees and costs.

2. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the pre-litigation demand letter sent to Nutiva on behalf of plaintiff Shirin Delalat, and dated October 13, 2016.

3. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the pre-litigation demand letter sent to Nutiva on behalf of plaintiff Preston Jones, and dated October 22, 2015.

4. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of Nutiva's response to plaintiff's demand letter, dated November 23, 2015.

5. On March 21, 2016, plaintiff served Nutiva with first sets of interrogatories, document requests, and requests for admission. Nutiva responded on May 5, including producing its first approximately 1,300 pages of documents.

6. On May 18, 2016, plaintiff noticed the depositions of Neil Blomquist, a Board Member and former Senior Advisor of Nutiva's, and Liz Kaplan, Nutiva's former Marketing Manager.

7. On May 27 Nutiva responded to plaintiff's deposition notices with a letter asserting that depositions were premature. A true and correct copy of that letter is attached hereto as <u>Exhibit 4</u>. Plaintiff eventually secured Nutiva's agreement to produce the witnesses for deposition on July 21 and 22.

8. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of excerpts from the July 21, 2016 deposition transcript of Neil Blomquist.

9. On May 18, 2016, plaintiff first notified Nutiva, then served 12 non-parties with document subpoenas including retailers like Vitamin Shoppe and Whole Foods, Nutiva's key distributors, and Nutiva's marketing vendors. These parties produced key consumer research,

1

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF MELANIE PERSINGER IN SUPPORT OF MOTION FOR FEES & COSTS

1  and important damages information. In November and December 2016, plaintiff served six
2  more document subpoenas on additional key third parties.

3      10.   After plaintiff filed his motion for summary judgment, counsel for Nutiva
4  brought to the attention of plaintiff's counsel the one-way intervention rule. Plaintiff then
5  withdrew the motion (Dkt. No. 70).

6      11.   On January 31, 2017, the parties attended a mediation session in San Francisco,
7  before the Hon. Edward A. Infante (Ret.). In advance of the session, plaintiff provided Nutiva
8  with a copy of the mediation brief containing limited redactions of a few items, but setting
9  forth in great detail plaintiff's case. Plaintiff had, by that time, nearly completed working with
10 his scientific expert on a draft report, and was therefore able to borrow liberally from the draft
11 for the mediation brief. The brief also noted that:

> despite its clear violations, Nutiva has inexplicably failed to revise its labeling. Its failure is inexplicable because this is one of eight similar cases against coconut oil manufacturers in which we either filed a lawsuit or at least served a demand letter, and *every single other manufacturer* has already, or is in the process of revising its label. Due to Nutiva's obstinacy, however, the damages keep growing.

Nutiva did not contest plaintiff's assertion, indicating that as of the end of January 2017, Nutiva had not yet revised its labels. Nor had Nutiva supplemented its earlier production, as would be required under Rule 26(e) had Nutiva already revised them.

    12.   At mediation, the parties were unable to reach a resolution.

    13.   Prior to the March 20, 2017 deposition of John Roulac, Nutiva did not produce any revised labels of its Coconut Oils showing that the challenged claims had been removed.

    14.   Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the March 20, 2017 deposition transcript of Nutiva's Chief Executive Officer, John Roulac.

    15.   Attached hereto as Exhibit 7 is a true and correct copy of the previous version of the label used on the 14-ounce plastic jar of Nutiva's Virgin Coconut Oil, which was produced in this action by Nutiva, bearing production number NUT338. Because Nutiva

2

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF MELANIE PERSINGER IN SUPPORT OF MOTION FOR FEES & COSTS

designated NUT338 as "CONFIDENTIAL" under the Protective Order, plaintiff is moving to file Exhibit 7 under seal.

16. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of the revised label for the 14-ounce container of Nutiva's Virgin Coconut Oil, which was produced in this action by Nutiva during the March 20, 2017 deposition of John Roulac.

17. Upon information and belief, the same revisions that were made to the 14-ounce Virgin Coconut Oil label were also made to the labels of the other sized containers of Nutiva's Virgin Coconut Oil.

18. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of the previous version of the label used on the 23-ounce plastic jar of Nutiva's Refined Coconut Oil, which was produced in this action by Nutiva, bearing production numbers NUT336. Because Nutiva designated NUT336 as "CONFIDENTIAL" under the Protective Order, plaintiff is moving to file a portion of Exhibit 9 under seal.

19. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of the revised label for the 23-ounce container of Nutiva's Refined Coconut Oil, which was produced in this action by Nutiva, bearing production number NUT7078.

20. Upon information and belief, the same revisions made to the 23-ounce Refined Coconut Oil label were also made to the labels of the other sized containers of Nutiva's Refined Coconut Oil.

21. Attached hereto as <u>Exhibit 11</u>, is a true and correct copy of the expert report of Dr. Michael Greger. Due to volume, the report's exhibits are not included.

22. Nutiva sold millions of units of coconut oil during the relevant period, suggesting there are likely millions of class members.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of May, 2017, in San Diego, California.

By: /s/ Melanie Persinger
Melanie Persinger

3

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF MELANIE PERSINGER IN SUPPORT OF MOTION FOR FEES & COSTS