**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESTON JONES and SHIRIN DELALAT, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NUTIVA, INC.,<br><br>Defendant. | Case No: 3:16-cv-00711-HSG<br><br>**DECLARATION OF JACK FITZGERALD IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:    July 13, 2017<br>Time:    2:00 p.m.<br>Place:    Courtroom 2, 4th Floor<br>Judge:    Hon. Haywood S. Gilliam, Jr. |

I, Jack Fitzgerald, declare as follows:

1. I am a member in good standing of the State Bars of California and New York; and of the United States District Courts for the Northern, Central and Southern Districts of California, the Southern and Eastern Districts of New York, and the Western District of Wisconsin; and of the United States Court of Appeals for the Ninth Circuit. I make this declaration based on my own personal knowledge, in support of plaintiff's motion for attorneys' fees and costs.

2. The Law Office of Jack Fitzgerald, PC ("LOJF") timekeepers on this matter are myself, my partner, Thomas A. Canova, and associates Trevor M. Flynn and Melanie R. Persinger. Attached hereto as <u>Exhibit A</u> is a firm biography detailing the experience of LOJF's attorneys.

3. LOJF's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business; and we generally kept time records in this case consistent with that practice. Moreover, LOJF's practice is to bill in 6-minute (tenth-of-an-hour) increments.

## Counsel's Billing Rates

4. LOJF's current billing rates for the timekeepers on this matter are as follows.

| Timekeeper | Rate |
|---|---|
| Thomas A. Canova | $750 |
| Jack Fitzgerald | $650 |
| Trevor M. Flynn | $500 |
| Melanie R. Persinger | $440 |

5. These rates are, for Mr. Canova, myself, and Mr. Flynn, identical to rates approved on February 24, 2017, in *Cumming v. BetterBody Foods & Nutrition, LLC*, No. 37-2016-00019510-CU-BT-CTL (San Diego County Super. Ct.), an analogous class action against another coconut oil manufacturer. The decision of the Honorable Katherine Bacal, approving these rates, is attached hereto as <u>Exhibit B</u>.

6. These rates are also only slightly higher than rates approved for myself, Mr. Canova, and Ms. Persinger, more than a year ago, by the Honorable Magistrate Judge

1

Mitchell D. Dembin of the Southern District of California, in deciding a contested fee application in a non-class action case, which were as follows.

| Timekeeper | Rate |
|---|---|
| Thomas A. Canova | $725 |
| Jack Fitzgerald | $625 |
| Melanie Persinger | $400 |

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2016 WL 1573319, at *2 (S.D. Cal. Apr. 18, 2016).

7. Approximately a year and a half ago, on December 4, 2015, the Honorable Joan M. Lewis, of the San Diego Superior Court, approved the same rates for myself and Mr. Canova, and a rate of $475 for Mr. Flynn, finding the rates "justified by prior awards in similar litigation and evidence . . . showing these rates are in line with prevailing rates in the community." *Belardes v. Capay Inc.*, No. 37-2014-00041774-CU-MC-CTL, Order Granting Final Approval to Class Action Settlement (Cal. Super. Ct. Dec. 4, 2015). A true and correct copy of Judge Lewis's order is attached hereto as Exhibit C.

8. The increase in LOJF's rates since December 2015 is consistent with increases for the firm's attorneys that have been approved by various courts over the past several years, as follows.

**Mr. Fitzgerald**

| Date | Case | Rate Approved | # Months Ago | % Increase From Previous |
|---|---|---|---|---|
| May 2017 | *Jones v. Nutiva, Inc.* | $650 (requested) | - | - |
| February 2017 | *Cumming v. BetterBody* | $650 | 3 | 4% |
| April 2016 | *Obesity Research Institute LLC v. Fiber Research International, LLC* | $625 | 13 | - |
| December 2015 | *Belardes v. Capay Incorporated* | $625 | 17 | 7.8% |

2

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

| Date | Case | Rate Approved | # Months Ago | % Increase From Previous |
|---|---|---|---|---|
| July 2014 | *In Re Quaker Oats Labeling Litigation* | $580 | 21 | 5.5% |
| March 2013 | *Bruno v. Quten Research Institute, LLC* | $550 | 37 | 4.8% |
| October 2012 | *Gallucci v. Boiron, Inc.* | $525 | 42 | - |
| July 2012 | *In re Ferrero Litigation* | $525 | 44 | - |

**Mr. Canova**

| Date | Case | Rate Approved | # Months Ago | % Increase From Previous |
|---|---|---|---|---|
| May 2017 | *Jones v. Nutiva Inc.* | $750 (requested) | - | - |
| February 2017 | *Cumming v. BetterBody* | $750 | 3 | 3.4% |
| April 2016 | *Obesity Research Institute LLC v. Fiber Research International, LLC* | $725 | 13 | - |
| December 2015 | *Belardes v. Capay Incorporated* | $725 | 17 | - |

**Mr. Flynn**

| Date | Case | Rate Approved | # Months Ago | % Increase From Previous |
|---|---|---|---|---|
| May 2017 | *Jones v. Nutiva* | $500 (requested) | - | - |
| February 2017 | *Cumming v. BetterBody* | $500 | 3 | 5.3% |
| December 2015 | *Belardes v. Capay Incorporated* | $475 | 17 | - |

3

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

**Ms. Persinger**

| Date | Case | Rate Approved | # Months Ago | % Increase From Previous |
|---|---|---|---|---|
| May 2017 | *Jones v. Nutiva* | $440 (requested) | - | 10% |
| April 2016 | *Obesity Research Institute LLC v. Fiber Research International, LLC* | $400 | 13 | 17.6% |
| July 2014 | *In Re Quaker Oats Labeling Litigation* | $340 | 21 | 7.9% |
| March 2013 | *Bruno v. Quten Research Institute, LLC* | $315 | 37 | 5% |
| October 2012 | *Gallucci v. Boiron, Inc.* | $300 | 42 | - |
| July 2012 | *In re Ferrero Litigation* | $300 | 44 | - |

9. LOJF's rates are also consistent with recent case law reflecting the prevailing rates in the community for attorneys of similar experience, skill, and reputation.

10. In March 2017, the Honorable Edward M. Chen approved the following rates.

| Name | Position | Admission Year | Rate |
|---|---|---|---|
| Colleen Bal | Partner | 1993 | $785 |
| David H. Kramer | Partner | 1996 | $900 |
| John L. Slafsky | Partner | 1993 | $700 |
| Kevin Spark | Senior Associate | 2010 | $500 |
| Peter C. Holm | Junior Associate | 2014 | $425 |

*Dropbox, Inc.*, Case No. 15-cv-01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. March 8, 2017); *see also id.*, Dkt. No. 153 at 14; *id.*, Dkt. No. 154 at 8.[1] These rates compare favorably to Mr. Canova's rate of $750, which is lower than each of the above partners, despite that he

---

[1] *Compare* Colleen Bal *Linked In* account (https://tinyurl.com/ks3l2z3); David H. Kramer *Linked In* account (https://tinyurl.com/mny98xx); John L. Slafsky Lawyer Biography (https://tinyurl.com/mtdqcl4).

4

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

graduated in 1985. Mr. Flynn likewise has three more years' experience than Mr. Sparks, yet has the same $500 rate. And Ms. Persinger's $440 rate is just $15 higher than Mr. Holm's, despite her graduating in 2010 (and thus having the same amount of experience as Mr. Spark, who was approved for a higher rate of $500).

11. In June 2015, the Honorable William H. Orrick approved a rate of $640 for an associate with less than five years of experience, and a rate of $710 for an associate with approximately six years of experience. *Wynn v. Chanos*, Case No. 14-cv-04329-WHO, 2015 WL 3832561, at *2, *6 (N.D. Cal. June 19, 2015), *aff'd*, --- Fed. Appx. ----, No. 15-15639, 2017 WL 1149508 (9th Cir. Mar. 28, 2017) (Mem.). This compares very favorably to Mr. Flynn's rate of $500, because he has more experience than both associates, and nearly two years have passed since the *Wynn* decision.

12. In February 2015, the Honorable Laura Beeler approved the following partner rates:

| Name | Position | Admission Year | Rate |
|---|---|---|---|
| Adam J. Gutride | Partner | 1994 | $750 |
| Seth A. Safier | Partner | 1998 | $725 |
| Jay Kuo | Partner | 1994 | $700 |
| Anothony Patek | Partner | 2003 | $700 |
| Marie McCrary | Associate | 2008 | $450 |

*Miller v. Ghirardelli Chocolate Co.*, Case No. 12-cv-04936-LB, 2015 WL 758094, at *6 & n.3 (N.D. Cal. Feb. 20, 2015); *see also id.* Dkt. No. 148-1 at ¶¶ 70, 73-74. These rates compare favorably to my rate of $650, and Mr. Canova's rate of $750, not just because they were approved in similar consumer fraud class litigation more than two years ago, but also because we have similar or greater amounts of experience than Mr. Patek (for me), and Mssrs. Gutride, Safier, and Kuo (for Mr. Canova). Ms. McCrary's approved rate of $450 when she had approximately 6.5 years' experience, compares favorably to Ms. Persinger's $440 rate given that she has a commensurate level of experience and more than 2 years have passed since Ms. McCrary's rate was approved.

5

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

**Counsel's Time Billed**

13. In calculating LOJF's reasonable lodestar for purposes of this fee application, we began with all timekeepers' raw records, which totaled 575.9 hours, then carefully reviewed all individual entries to reduce or eliminate entries that were related exclusively to proving damages (such as consultations with damages experts, or work relating to document subpoenas to retailers seeking sales information), or which appeared erroneous, excessive, duplicative, or administrative in nature. Following this, we reviewed each timekeeper's individual billing records and made best efforts to categorize each attorney's time into specific aspects of the litigation or tasks, then again reviewed the hours and made additional cuts in the exercise of billing discretion. In total, this review resulted in a reduction of 57.4 hours from LOJF's raw time records. I understand LOJF's co-counsel, Paul Joseph, engaged in a similar process, also reducing his hours.

14. Together, plaintiff's counsel's raw time records reflected 906.6 total hours.[2] From this, counsel cut 13.3 hours for work exclusively related to plaintiff's damages case, and an additional 48.5 hours in the exercise of billing discretion.

15. Attached hereto as Exhibit D are the detailed time records of plaintiff's counsel, arranged by timekeeper, then by date.

16. Attached hereto as Exhibit E are the detailed time records of plaintiff's counsel, arranged by task. The first page of the document sets forth a summary of the work, by task and timekeeper as follows.

---

[2] These raw time records did not reflect time that could be allotted to this case during regular status conferences between myself and Mr. Joseph, during which we discussed the status of several different coconut oil cases. Although I tracked that time generally, I did not make an effort to allocate it among the different cases. Based on my hours and the number of coconut oil cases Mr. Joseph and I are prosecuting together, however, I estimate I could reasonably attribute about 20 hours of time to this case (which would mean a corresponding 20 hours of Mr. Joseph's time).

6

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

|  | Biller (Timekeeper) | | | | | | |
| Task | TAC | JF | TMF | MRP | PKJ | Total | % |
|---|---|---|---|---|---|---|---|
| Investigation & Complaint | 2.7 | 15.6 | - | - | 39.1 | **57.4** | *6.8%* |
| Case Management | 2.1 | 16.2 | 0.5 | - | 2.7 | **21.5** | *2.5%* |
| Rule 12 Briefing | 11.0 | 21.3 | 15.9 | 0.3 | 58.0 | **106.5** | *12.6%* |
| Written Discovery | 3.0 | 66.5 | 19.9 | 38.3 | 16.4 | **144.1** | *17.1%* |
| Document Review & Deposition Preparation | 3.2 | 164.7 | 24.9 | 3.5 | 112.4 | **308.7** | *36.5%* |
| Discovery Motion Practice | 0.5 | 29.2 | - | 8.0 | 18.0 | **55.7** | *6.6%* |
| Expert Discovery | - | 2.0 | - | - | 5.8 | **7.8** | *0.9%* |
| Motion for Partial Summary Judgment | - | 27.9 | 3.1 | 2.6 | 9.8 | **43.4** | *5.1%* |
| Mediation & Settlement | 10.5 | 24.8 | - | - | 64.4 | **99.7** | *11.8%* |
| ***Totals =*** | **33.0** | **368.2** | **64.3** | **52.7** | **326.6** | **844.8** | |
| ***% =*** | *3.9%* | *43.6%* | *7.6%* | *6.2%* | *38.7%* | | |

17. This action was filed on January 8, 2016, and we are seeking fees for work through March 20, 2017, a total of approximately 14 months. The 844.8 hours expended during that time for which we seek reimbursement is equivalent to approximately 60 hours per month. This compare favorably to the average hours billed per month in other consumer protection actions. *See MacDonald v. Ford Motor Co.*, 2016 WL 3055643, at *9 (N.D. Cal. May 31, 2016) (awarding fees for 1020.8 hours over fourteen months of litigation, a monthly average of 72.9 hours); *Miller*, 2015 WL 758094, at *6 (finding reasonable lodestar based on 2420.6 hours over 30 months of litigation, or a monthly average of 80.6 hours).

## Class Counsel's Expenses

18. Plaintiff's counsel have incurred expenses prosecuting this matter, for which counsel seeks reimbursement, in the amount of $27,773.97. Counsel does not seek reimbursement of some costs often billed to clients including photocopying, first class postage, and legal research.

7

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTION FOR ATTORNEY'S FEES & COSTS

19. Attached hereto as <u>Exhibit F</u> is a summary of counsel's expenses, arranged by costs recoverable under Cal. Code Civ. P. § 1033.5(a), and costs for which counsel seeks reimbursement under § 1033.5(c) because they were reasonably necessary to conduct the litigation. Counsel has excluded and is not seeking reimbursement of any costs relating exclusively to damages issues (such as damages expert expenses, the cost of serving document subpoenas seeking sales data on retailers, etc.).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of May, 2017, in San Diego, California.

By: /s/ Jack Fitzgerald
Jack Fitzgerald