# Exhibit A

## The Law Office of Jack Fitzgerald, PC

Hillcrest Professional Building | 3636 Fourth Avenue, Suite 202 | San Diego, California 92103
Phone: (619) 692-3840 | Fax: (619) 362-9555

www.jackfitzgeraldlaw.com

### Firm Resume – May 2017

#### Overview

Founded in 2013, The Law Office of Jack Fitzgerald, PC is primarily engaged in complex litigation, with an emphasis on consumer protection and intellectual property, including through class actions. We investigate marketplace fraud, and represent consumers and companies against entities that falsely advertise or otherwise market their products in a deceptive, misleading, or unfair manner. We have substantial experience in many different industries, including foods, dietary supplements, homeopathic remedies, cosmetics, fashion and accessories, computer hardware and software, telecommunications, music, sports, database protection and privacy, financial services, medical products, health services, and Internet/e-commerce marketing methods.

#### Attorneys

**Jack Fitzgerald (Partner)**

Mr. Fitzgerald is an accomplished class action attorney who has been appointed class counsel in numerous cases and helped victimized consumers recover millions of dollars. Mr. Fitzgerald is also a successful appellate advocate. His efforts briefing and presenting oral argument led the Ninth Circuit Court of Appeals to issue an important pro-consumer decision in ***Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015)**. Other representative matters include:

> ***Boswell et al. v. Costco Wholesale Corp.*, No. 8:16-cv-00278-DOC-DFM (C.D. Cal.)** – Allegations that Costco misleadingly and unlawfully advertised its Kirkland brand coconut oil as healthy. Case recently settled for a $775,000 common fund and Costco's agreement to cease using "health" claims to market coconut oil. Motion for preliminary approval filed on May 1, 2017 (Dkt. No. 100), with hearing set for June 5, 2017.
>
> ***Martin v. Monsanto Co.*, --- F. Supp. 3d ----, 2017 WL 1115167 (C.D. Cal. Mar. 24, 2017)** – Obtained certification of damages class pursuant to Rule Fed. R. Civ. P. 23(b)(3) in action alleging that Monsanto overstated the amount of spray solution its Roundup Concentrate herbicides made.
>
> ***Cumming v. BetterBody Foods & Nutrition, LLC*, No. 37-2016-00019510-CU-BT-CTL (San Diego Super. Ct.)** – Allegations that BetterBody misleadingly and unlawfully advertised its coconut oil products as healthy, despite that scientific evidence demonstrates coconut oil consumption increases risk of cardiovascular heart disease, stroke, and death. Case settled prior to filing for a $1.1 million common fund and BetterBody's agreement to remove all challenged health and wellness claims from the labels of its coconut oil products. Court granted settlement final approval on February 24, 2017.

2 | P a g e

***Belardes v. Capay Inc.*, No. 37-2014-00041774-CU-MC-CTL (San Diego Super. Ct.)** – Allegations that Capay unlawfully charged 49,416 Californians for unordered merchandise by enrolling unsuspecting consumers in its home produce delivery service, Farm Fresh to You, and violated the California Rosenthal Fair Debt Collection Practices Act by attempting to collect on fraudulent debts resulting from the unordered merchandise. Obtained settlement cancelling more than $3 million in disputed debt, providing nearly $400,000 in free deliveries, and obligating Capay to engage in a variety of business practice changes to ensure problems did not reoccur, as well as to send to customers a corrective message. In approving the settlement on December 4, 2015, the Court found the action **"resulted in the enforcement of an important right affecting the public interests,"** and noted the **"excellent results obtained for the Class and general public."**

***Gallucci v. Boiron, Inc.*, No. 11-cv-2039-JAH (S.D. Cal.)** – Allegations that Boiron misleadingly marketed homeopathic products. Obtained nationwide settlement that included $5 million and significant changes to Boiron's marketing practices. *Gallucci v. Boiron, Inc.*, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012). Following oral arguments in which Mr. Fitzgerald appeared on behalf of the certified class, the Ninth Circuit affirmed the court's final settlement approval. *Gallucci v. Gonzales*, 603 Fed. Appx. 533 (9th Cir. Feb. 24, 2015).

***In re Ferrero Litigation*, No. 11-cv-205-H-KSC (S.D. Cal.)** – Allegations that Ferrero misleadingly advertised Nutella spread as a healthy breakfast for children. Obtained certification of a California class, *In re Ferrero Litig.*, 278 F.R.D. 552 (S.D. Cal. 2011), then a settlement that provided the class monetary and injunctive relief, which the Honorable Marilyn L. Huff characterized as an **"excellent result[] obtained for the class,"** *In re Ferrero Litig.*, 2012 WL 2802051, at *4 (S.D. Cal. July 9, 2012). In July 2014, the Ninth Circuit upheld the settlement approval, noting that **"counsel's procurement of monetary and injunctive relief appears to have been an exceptional result."** *In re Ferrero Litig.*, 583 Fed. App'x 665, 667 (9th Cir. 2014). Mr. Fitzgerald argued both the class certification and final approval motions below, and the appeal.

***In re Apple & AT&T iPad Unlimited Data Plan Litigation*, No. 10-cv-2553-RMW (N.D. Cal.)** – Allegations that, when they announced the first iPad, Apple and AT&T engaged in a "bait and switch" scheme by promising a no-contract, unlimited data plan during the three-month pre-order period, then got rid of the plan within a week after iPads started shipping. In March 2014, the Honorable Ronald M. Whyte approved a settlement that required defendants to refund iPad purchasers who made a claim $40 each, as well as to make available a more favorable data plan for certain purchasers.

***In re Qunol CoQ10 Liquid Labeling Litigation*, No. 11-cv-173-DOC (C.D. Cal.)** – Allegations that defendants misleadingly labeled a dietary supplement as providing "six times more absorption." Obtained certification of a nationwide class, *Bruno v. Quten Research Institute, LLC*, 280 F.R.D. 524 (C.D. Cal. 2011), and avoided decertification following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *see Bruno v. Eckhart Corp.*, 280 F.R.D. 540 (C.D. Cal. 2012). Obtained class settlement obligating defendants to provide refunds and refrain from advertising the product as providing six times more absorption. *Bruno v. Quten Research Institute, LLC*, 2013 WL 990495 (C.D. Cal. Mar. 13, 2013).

***In re Quaker Oats Labeling Litigation*, No. 10-cv-502-RS (N.D. Cal.)** – Allegations that Quaker labeled food products containing artificial trans fat with misleading health and wellness claims. In July 2014, the Honorable Richard Seeborg granted final approval to a settlement that required Quaker to remove partially hydrogenated vegetable oils containing artificial trans fat from a wide variety of bar and oatmeal products.

***In re Nucoa Real Margarine Labeling Litigation*, No. 10-cv-927-MMM (C.D. Cal.)** – Action alleging that Smart Balance, Inc. misleadingly marketed as "healthy" a stick margarine containing artificial trans fat. In June 2012, the Honorable Margaret M. Morrow approved a settlement in which defendant established a fund to provide consumers with refunds, and agreed to remove the trans fat from Nucoa margarine.

***Rosen v. Unilever United States, Inc.*, No. 09-cv-2563-JW (N.D. Cal.)** – Action alleging that Unilever misleadingly marketed soft spread and stick margarines containing artificial trans fat. In June 2011, the Honorable James Ware granted final approval of a settlement that required Unilever to reformulate 40 brand-name and private-label margarines to remove partially hydrogenated vegetable oil containing artificial trans fat.

Mr. Fitzgerald previously was an associate in the New York office of Baker & Hostetler LLP, and the Palo Alto office of Mayer Brown LLP. He obtained his J.D. from New York University in 2004, where he was Editor of the Law Review, and graduated from Cornell University *magna cum laude* in 2001, with a B.A. in American Studies.

Mr. Fitzgerald was admitted to practice law in New York in 2005 and California in 2008. He is admitted to practice before several federal courts throughout the country, as well as the United States Court of Appeals for the Ninth Circuit.

**Thomas A. Canova (Partner)**

Mr. Canova is a seasoned attorney with considerable experience, for many years as a partner at prominent "AmLaw 100" law firms. He has been engaged in numerous high-profile litigations, including a substantial number of cases involving false advertising, deceptive trade practices, unfair competition, antitrust violations, and patent, trademark, and copyright infringement.

These include Mr. Canova's role co-managing a complex 5-year litigation on behalf of Hewlett-Packard Company against the world's largest remanufacturer of ink jet cartridges, and serving as lead trial counsel for the opening witness and for the false advertising claims in a 3-month jury trial in Federal Court in San Jose (jury verdict of willful false advertising and willful patent and trademark infringement, rejection of antitrust counterclaims, multi-million dollar judgment and permanent injunction).

Mr. Canova was also a member of the formidable Securities Investor Protection legal team representing the Trustee in the huge Madoff bankruptcy investigations and litigations in this country and around the world, which to date have recovered billions of dollars for defrauded investors.

4 | P a g e

Mr. Canova's class action experience includes cases against Getty Images, Wal-Mart, CVS, Target, GNC, Coca-Cola, Pepsi, Goya, Restaurant Depot, Revlon, and Sony, among others. He is a member of the Consumer Attorneys of San Diego.

Additional matters in which Mr. Canova has been engaged include:

False advertising, deceptive trade practices, and trademark infringement case on behalf of IDT, the country's largest pre-paid telephone calling card company, against several competitors, concerning voice prompts, advertisements, and promotional marketing materials, defrauding consumers as to the number of minutes provided at various expense (Mediation Proceeding in Federal Court in New Jersey).

False advertising, unfair competition, trade secret misappropriation, and copyright infringement case on behalf of Exact Solutions, Inc., a leading software performance-monitoring company, against former Directors of Marketing and Technology (preliminary injunction in the U.S. and criminal and civil seizures of infringing source code in India).

False advertising and trademark and trade dress infringement case on behalf of Isaly Klondike against Kraft/Sealtest, resulting in finding of willful violations (permanent injunction and cash settlement of $8.5 million).

False advertising and trademark infringement case on behalf of Hy-Tape International, the country's leading supplier of surgical tape (Mediation Proceeding in Federal Court in New York).

Federal Court trademark injunction contempt litigation on behalf of L'Oreal against the country's largest "diverter" of salon-only hair care products.

Federal Court trademark and unfair competition case, successfully defending Jansport against false claims of infringement and dilution.

Litigations and arbitrations in Texas and London, establishing Relix Records' exclusive worldwide rights to copyrighted music compositions and recordings (permanent injunction and damages awards of $2 million).

Patent "diaper wars" involving two federal jury trials (Texas and South Carolina) and foreign (Canadian) counterpart litigation, successfully defending Kimberly-Clark against Procter & Gamble's claims of chemical patent infringement.

Internet/e-commerce "business method" patent litigations, successfully defending Barnes & Noble against Amazon's "One Click" patent in Federal Court in Seattle, and successfully defending Microsoft and Expedia against Priceline's "Name Your Price" patent in Federal Court in Connecticut.

Computer copyright infringement case in Federal Court in San Francisco, *Apple v. Microsoft and HP*, resulting in judicial determination that Apple's graphical user interface incorporating

5 | Page

> overlapping windows and desktop metaphor originated with Xerox and IBM, was not within the scope of any protectable Apple copyrights, and was not infringed by Microsoft's Windows software or HP's New Wave software.
>
> Computer industry trademark, copyright, and trade dress litigations and administrative proceedings involving *ex parte* seizures with U.S. Marshals throughout the country, freezing of assets, coordination with international seizures in South America and Eastern Europe, seizure of imports by U.S. Customs, and multi-million dollar settlements.
>
> Nationwide luxury goods trademark enforcement and anti-counterfeiting campaign on behalf of Burberry, involving marketplace investigations, U.S. Customs and local law enforcement seizures, destruction of substantial quantities of counterfeit product, and coordination with international enforcement activities against foreign manufacturers and suppliers.

In addition, for many years, Mr. Canova represented NBA Properties for league-wide sports-related intellectual property matters, including trademark clearance, "prosecution" of domestic and foreign trademark and copyright applications, opposition and cancellation proceedings before the U.S. Trademark Trial and Appeal Board, licensing and other transactional matters, and advising as to advertising, press, publicity, and infringement issues. Such work was fundamental to expansion of the league (Miami Heat, Orlando Magic, Charlotte Hornets, Toronto Raptors, Vancouver Grizzlies), and the international expansion of NBA games and merchandising.

Mr. Canova also has devoted considerable time *pro bono* at leading nonprofits including Volunteer Lawyers for the Arts, Riverkeeper, Rock the Earth, and New York Athletic Club, as well as a nonprofit involved in voter protection for Presidential and Congressional elections. He also served *pro bono* at the New York State Office of Attorney General, providing trial support for a major 5-state federal Clean Air Act litigation.

Mr. Canova previously was a partner at Pennie & Edmonds LLP and Baker & Hostetler LLP. A graduate of Hamilton College and New York Law School, he is a member of the New York State Bar (not admitted to the California Bar). He is also admitted to practice before numerous Federal Courts, and The Supreme Court of the United States.

**Trevor M. Flynn (Associate)**

Mr. Flynn is an experienced trial attorney who has conducted dozens of trials and arbitrations, and hundreds of contested evidentiary hearings.

He has litigated complex securities cases, representing large groups of investors, including in connection with the massive financial fraud involving Peregrine Systems, Inc., resulting in a $26 million judgment. Mr. Flynn also has longstanding experience litigating matters involving unfair business practices, common law fraud, breach of fiduciary duty, malpractice, and employment (wage and hour) violations.

Mr. Flynn has served the community of San Diego for many years as both a lawyer for a San Diego 501(c)(3) non-profit law firm, and as a Deputy County Counsel for San Diego County. Mr. Flynn was recognized as a 2012 Attorney of the Year for his non-profit work.

Mr. Flynn received his B.A. from U.C. San Diego and his J.D. from the University of San Diego School of Law, where he was a leading member of the school's renowned National Mock Trial Team, and also interned at the school's Legal Clinic on cases involving child support arrears, unlawful tenant detainer, and termination of social security disability benefits.

**Melanie Persinger (Associate)**

Ms. Persinger is an experienced class action attorney who has been appointed class counsel in numerous complex consumer protection and false advertising cases. She also has been an integral part of the litigation team in class actions involving the false advertising of coconut oils, high-sugar foods, and foods made with artificial trans fat, including against companies like General Mills, Kellogg, Post, Nutiva, Nature's Way, Costco, Kroger, Kraft, Quaker, Johnson & Johnson, Smart Balance, and many others. Ms. Persinger's class counsel appointments include:

> *Gallucci v. Boiron, Inc.*, **No. 11-cv-2039-JAH (S.D. Cal.)** – Allegations that Boiron misleadingly marketed homeopathic products. Obtained nationwide settlement including $5 million common fund and "meaningful injunctive relief." *Gallucci v. Boiron, Inc.*, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012).
>
> *In re Qunol CoQ10 Liquid Labeling Litigation*, **No. 11-cv-173-DOC (C.D. Cal.)** – Obtained class settlement obligating defendants to provide refunds and refrain from advertising product as providing six times more absorption. *Bruno v. Quten Research Institute, LLC*, 2013 WL 990495 (C.D. Cal. Mar. 13, 2013).
>
> *In re Ferrero Litigation*, **No. 11-cv-205-H-KSC (S.D. Cal.)** – Obtained certification of a California class, *In re Ferrero Litig.*, 278 F.R.D. 552 (S.D. Cal. 2011), then a settlement that provided the class monetary and injunctive relief, which the Honorable Marilyn L Huff characterized as an **"excellent result[] obtained for the class,"** *In re Ferrero Litig.*, 2012 WL 2802051, at *4 (S.D. Cal. July 9, 2012). In July 2014, the Ninth Circuit upheld the settlement approval, noting that **"counsel's procurement of monetary and injunctive relief appears to have been an exceptional result."** *In re Ferrero Litig.*, 583 Fed. App'x 665, 667 (9th Cir. 2014).

In addition to her several years of class action practice, Ms. Persinger is a Registered Patent Agent.

Ms. Persinger graduated from San Diego State University, *magna cum laude*, with distinction in Civil Engineering. She received her J.D. from the University of Michigan Law School, where she was awarded Honors in Legal Practice, and was Contributing Editor of the *Michigan Telecommunications & Technology Law Review*.