# Exhibit B

FILED
Clerk of the Superior Court

FEB 2 4 2017

By: J. Browder, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTINE CUMMING, on behalf of herself, all others similarly situated, and the general public<br><br>Plaintiff,<br><br>v.<br><br>BETTERBODY FOODS & NUTRITION, LLC,<br><br>Defendant. | Case No.: 37-2016-00019510-CU-BT-CTL<br><br>ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES AND COSTS; AWARDING CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT<br><br>Date:    February 17, 2017<br>Time:    1:30 p.m.<br>Dept.:   C-69<br>Judge:   Hon. Katherine Bacal |

This matter came before the Court on plaintiff's motion for final approval of a proposed class action settlement, and motion for attorneys' fees and costs, and a class representative enhancement award. A Fairness Hearing was held on February 24, 2017 in Department C-69. Having read and considered the parties' Settlement Agreement, plaintiff's motions and all papers submitted in connection therewith, and having heard oral argument during the Fairness Hearing, and for good cause found,

**IT IS HEREBY ORDERED:**

1. This is a nationwide false advertising class action in which plaintiff contends defendant BetterBody Foods & Nutrition, LLC misleadingly labeled two coconut oil products as inherently healthy. The class includes approximately 900,000 individuals who purchased BetterBody's Organic Extra Virgin Coconut Oil or Naturally Refined Coconut Oil for personal use between January 1, 2013 and November 18, 2016.

2. The Court granted preliminary approval on November 18, 2016. In addition to injunctive relief, the settlement creates a $1 million common fund with $650,000 in cash and $350,000 in gift cards.

*Notice & the Class's Reaction*

3. Notice was provided on websites, social media, and responses to keyword searches. The class action administrator, Dahl, estimates that over 75 percent of the class received notice. Dahl has preliminarily validated 90,097 claims totaling $3,149,662.84. No members opted out or objected to the settlement.

*The Fairness, Adequacy, and Reasonableness of the Settlement*

4. The initial settlement provided for a $1 million common fund. Given the strong response to the settlement, the cash and gift card payments have to be reduced pro rata to accommodate all claims. To offset the impact of the reduction, plaintiff agreed to reduce the fee request by $83,333, and BetterBody agreed to add $100,000 more in gift cards. In addition, Dahl agreed to cap its fees at the $68,000 estimate even though its actual costs exceeded $111,000. This ensures that all members who made the maximum $40 claim will be able to make a purchase without being out-of-pocket.

5. For the reasons stated in the order granting preliminary approval, the Court finds the settlement to be fair, adequate, and reasonable. See, e.g., *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th

1794, 1800-1801; Cal. Rules of Court, rule 3.769(g). The reasonableness of the settlement is further demonstrated by the fact that there were no objections or requests for exclusion.

**Attorneys' Fees**

6. Plaintiff is requesting $250,000 in fees and costs of $1,738. A percentage method may be used to calculate a reasonable fee in a common fund case such as this. *Laffitte v. Robert Half Intern. Inc.* (2016) 1 Cal. 4th 480, 503. The fees and costs constitute approximately 23 percent of the cash and gift cards portion of the settlement, which is well within the range of reasonableness. *Chavez v. Netflix, Inc.* (2008) 162 Cal. App. 4th 43, 66 n.11 (fees in class actions average around one-third of recovery).

7. Using a lodestar-multiplier approach, the lodestar amounts to $157,497.60, based on 274.5 hours of work, and $1,737.67 in costs. Class Counsel's hourly rates are as follows:

| Attorney | Hourly Rate |
| --- | --- |
| Jack Fitzgerald | $650 |
| Paul K. Joseph | $400 |
| Trevor M. Flynn | $500 |
| Thomas A. Canova | $750 |

8. The amount of fees and costs actually incurred is 14.3 percent of the total settlement fund. The amount of fees requested would effectively constitute a 1.6 multiplier. An enhancement is warranted due to the contingent risk, the novel issues involved, and the results obtained. *Laffitte, supra*, at 504. Accordingly, plaintiff's request for fees and costs is approved.

**Incentive Payment to the Class Representative**

9. Incentive payments to class representatives "must not be disproportionate to the amount of time and energy expended in pursuit of the lawsuit." *Cellphone Termination Fee Cases* (2010) 186 Cal.App.4th 1380, 1395. Ms. Cumming spent 17 hours meeting with counsel, assisting with the complaint, reviewing the settlement, and other tasks. The Court concludes an incentive payment of $2,500 is appropriate to compensate Ms. Cumming for her efforts.

**Supplemental Incentive Payment, Attorneys' Fees, and Administrator Expenses**

10. Plaintiff, class counsel, and the claims administrator have reduced the amount of their fees, etc. to enable most claimants to use gift cards without being out-of-pocket. Plaintiff requests that any funds uncashed beyond the 90-day window be distributed in the following order: (1) up to $2,500 to the plaintiff

for an incentive payment; (2) supplemental fees up to a total of $333,333; and (3) up to $43,000 to the claims administrator for costs that it has otherwise agreed to write off.

11. The Court preliminarily approved an incentive payment of $5,000. This amount is justified by plaintiff's efforts on the case. The Court preliminarily approved a fee award of 33.3%. For purposes of this motion, plaintiffs' counsel tentatively reduced their fee request to 23%. The supplemental fees would increase the fee award up to 30% of the common fund, which is still within reason. Finally, it is appropriate that the claims administrator recover its actual costs to the extent possible. Thus, plaintiff's request for supplemental incentive payments, fees, and administrative expenses is granted.

*Compliance with Settlement Agreement; Continuing Jurisdiction; and Judgment*

12. To the extent not specifically ordered herein, the Court orders the parties to comply with all obligations arising under the Settlement Agreement.

13. Nothing in this Order shall preclude any action to enforce or interpret the terms of the Settlement Agreement. Any action to enforce or interpret the terms of the Settlement shall be brought solely in this Court.

14. The Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and this Order, and for any other necessary and appropriate purpose.

15. Having approved the Settlement, the Court hereby enters judgment pursuant to California Rules of Court Rule 3.769(h) consistent with all provisions of this Order, including the retention of jurisdiction to enforce the terms of the judgment.

**IT IS SO ORDERED.**

DATED: February 24, 2017

*KATHERINE A. BACAL*
_____
HON. KATHERINE BACAL
JUDGE OF THE SUPERIOR COURT