# Exhibit C

F I L E D
Clerk of the Superior Court

DEC 0 4 2015

By: R. Lindsey-Cooper, Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| MATTHEW BELARDES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPAY INCORPORATED d/b/a FARM FRESH TO YOU<br><br>Defendant. | Case No.: 37-2014-00041774-CU-MC-CTL<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES AND COSTS; AWARDING CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT**<br><br>Dept.:  C-65<br>Judge:  Hon. Joan M. Lewis |

This matter came before the Court on plaintiff's motion for final approval of a proposed class action settlement, and motion for attorneys' fees and costs, and a class representative enhancement award. A Fairness Hearing was held on December 4, 2015, at 8:30 a.m., in Department C-65, before the undersigned. Having read and considered the parties' Settlement Agreement,[1] plaintiff's motions and all papers submitted in connection therewith, and having heard oral argument during the Fairness Hearing (including that provided by any objectors who appeared at the Fairness Hearing without prior notice), and for good cause found,

**IT IS HEREBY ORDERED:**

1. On September 4, 2015, in response to plaintiff's motion for preliminary approval of a proposed class action settlement, the Court found that the requirements of Cal. Code Civ. P. § 382 were satisfied, preliminarily certified a settlement Class, and directed that the Class be notified of the Settlement.

2. The Court now finally and fully certifies the Class, defined as:

> Any person who, as reflected in Capay's business records, incurred during the Class Period (August 1, 2011 to December 31, 2014) a debt as a result of receiving Farm Fresh to You residential produce delivery, which debt remains unpaid as of the Settlement Agreement Effective Date.

3. In particular, the Court finds that the Class is sufficiently numerous, in that it includes 49,416 Californians, the joinder of whom would be impracticable, and that the Class is ascertainable, since each Class Member has been identified by name from defendant's business records.

4. The Court further finds that common issues of law and fact predominate over issues affecting only individual Class Members, such that class treatment is the superior method of resolution of this action.

5. The Court also finds that plaintiff's claims are typical of the claims of absent Class Members.

6. The Court finds that plaintiff and his counsel have adequately represented the Class, and will continue to do so. The Court appoints Matthew Belardes as Class Representative, and reaffirms its appointment of his counsel, The Law Office of Jack Fitzgerald, PC, and Lucero Law Firm, and each of their attorneys, as Class Counsel.

---

[1] Attached as Exhibit 1 to the August 7, 2015 Declaration of Jack Fitzgerald in Support of Plaintiff's Motion for Preliminary Approval. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meaning as that set forth in the Settlement Agreement, provided however, that in the event of any inconsistency, the terms of this Order shall control.

7. The Court previously found that the parties' proposed Notice and plan for dissemination of the Notice met the requirements of Cal. Code Civ. P. § 382, Cal. Rule Ct. 3.769(f), and due process, and was the best notice practicable under the circumstances, and therefore ordered that notice be effected in accordance with the proposed plan.

8. The Court now finds that Notice was effected in accordance with the Court's Order, and that the Class was adequately notified of the Settlement. Because Capay's records identified Class Members by name, email address, and physical mailing address, the parties notified Class Members directly, initially by email and, where undeliverable, by postcard sent to a physical home address. Of the 49,416 Class Members, all but 1,497 (3% of the Class) received direct notice of the Settlement. Given the parties' best efforts to notify all Class Members (including by maintaining a settlement website at www.fftysettlement.com), the Court finds that notice had a reasonable chance of reaching a substantial percentage of the Class, and in fact reached a substantial percentage of the Class (97%). Accordingly, the Court finds that notice was the best practicable under the circumstances, and satisfied the requirements of Civil Procedure section 382, Rule of Court 3.769(f), and due process.

9. The Court finds that the proposed Settlement is a fair, reasonable, and adequate result for the Class. Because the primary allegation in this action is that defendant unlawfully created and asserted against the Class members illegitimate debt, which is disputed, Capay's agreement to cancel, reverse, negate, and forever waive any right to collect upon the disputed debt is an appropriate remedy. Moreover, because Capay has agreed to cancel all $3,254,320 of the Class Members' disputed debt, as concerns this dispute, this provision of the Settlement represents all the economic relief the Class might hope to obtain at trial, and thus is an excellent result for the Class.

10. The Court's finding that the proposed Settlement is fair, reasonable, and adequate is further supported by the inclusion of several other monetary and non-monetary benefits its offers the Class and general public, including:

   a. Capay's provision of over $365,000 in Delivery Credits (*i.e.*, free deliveries) to Complaining Class Members (Settlement Agreement ¶ 2.4);

2

*Belardes v. Capay Incorporated*, No. 37-2014-00041774-CU-MC-CTL
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT

  b. Capay's agreement to pay the costs of Class Notice and administration, attorneys' fees and costs, and an enhancement award to the Class Representative (*id.* ¶¶ 2.10 – 2.12);

  c. Capay's provision to Class Members who request it, of a credit repair letter explaining that a debt previously reported was mistaken, and that any negative information on the Class Member's credit report should be removed (*id.* ¶ 2.3);

  d. Capay's agreement not to enroll any new customer in its Farm Fresh to You residential produce delivery service, or reactivate any inactive consumer in the service, unless it has on file for the customer a valid credit card number and her express authorization to charge her credit card (*id.* ¶ 2.5);

  e. Capay's agreement to provide customers a delivery reminder email no fewer than 72 hours before a delivery, including instructions on how to skip or cancel the delivery (*id.* ¶ 2.6);

  f. Capay's agreement not to deliver produce to any new customers with undeliverable email addresses (*id.* ¶ 2.7);

  g. Capay's installment of a prominent link on its webpage allowing customers to easily and effectively cancel or suspend their Farm Fresh to You accounts, subscriptions, or memberships (*id.* ¶ 2.8); and

  h. Capay's agreement to send to active customers via email a corrective message (*id.* ¶ 2.9).

11. The Court finds that Class Counsel is experienced in similar class action litigation, and notes that Class Counsel is confident the Settlement is fair, reasonable, and adequate for the Class. In addition, the Class's reaction to the Settlement has been positive, with just four Class Members (0.008%) opting out, and no Class Members objecting.[2] These factors raise a presumption that the Settlement is fair, reasonable, and adequate, which presumption is borne out in this case for the reasons discussed herein.

---

[2] One Class Member submitted a letter in response to the Notice that stated, "I am writing you and [sic] objection in regards to an email about a notice of settlement of class action that I received . . . ." The letter states that its author "know[s] of the delivery service called Farm Fresh To You," and then tells a story of having received unordered produce. The letter does not seem to take any issue with the Settlement itself, and thus cannot fairly be construed as a legal objection to the Settlement notwithstanding its use of the word

3

*Belardes v. Capay Incorporated*, No. 37-2014-00041774-CU-MC-CTL
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT

12. To the extent it has not already done so, the Court orders Capay:

   a. Pursuant to paragraph 2.2 of the Settlement Agreement, to reverse, negate, and otherwise cancel any and all unpaid sums or debts incurred as a result of home produce delivers made to individual consumers in California during the Class Period (and which remained unpaid as of the Settlement Agreement Effective Date of June 11, 2015), and to forever surrender and waive any future right to collect upon such debts, and refrain from making any attempts, either directly or indirectly, to collect such debts;

   b. Pursuant to paragraph 2.3 of the Settlement Agreement, to provide to those Class Members who requested it a Credit Repair Letter;

   c. Pursuant to paragraph 2.4 of the Settlement Agreement, to provide to the Complaining Class Members Delivery Credits representing two free Farm Fresh to You produce deliveries, of up to $35 per credit for a total Delivery Credit of up to $70, to notify Complaining Class Members of the provision of these Delivery Credits in the manner set forth in paragraphs 2.4.1, and to ensure the requirements of paragraphs 2.4.2 and 2.4.3 of the Settlement Agreement are satisfied and continue to be satisfied for the 12 months following the date of the Delivery Credit Notification Email;

   d. Pursuant to paragraph 2.5 of the Settlement Agreement, to refrain from enrolling any new customer in its Farm Fresh to You residential produce delivery service, or to reactivate any inactive customer in the service, unless Capay has on file for the customer a valid credit card number and his or her express authorization to charge his or her credit card;

   e. Pursuant to paragraph 2.6 of the Settlement Agreement, to ensure that, following entry of Judgment, Capay, within a reasonable amount of time in advance of any Farm Fresh to You residential produce delivery but in no event fewer than 72 hours before any such delivery, send to the customer whose delivery is scheduled an email that reminds the customer of the upcoming delivery and provides directions on how to skip or cancel the delivery if the customer so desires;

---

"objection" in the first sentence of the letter. (*See* Kratz Decl. Ex. D.) To the extent the letter is considered an objection, it provides no basis for believing the settlement is unfair, unreasonable, or inadequate, and accordingly, *is overruled.*

4

*Belardes v. Capay Incorporated*, No. 37-2014-00041774-CU-MC-CTL
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT

  f. Pursuant to paragraph 2.7 of the Settlement Agreement, to refrain from processing a new customer's delivery if, upon enrolling the customer, Capay receives a "bounce-back" email or other message indicating that Capay's Delivery Reminder Email may not have reached the customer, unless and until Capay makes contact with the customer, either through a subsequent email or by communicating to the customer via the telephone number required and provided upon enrollment;

  g. Pursuant to paragraph 2.8 of the Settlement Agreement, to, no later than January 31, 2016, place and maintain in a prominent position on the logged-in customer homepage of the Farm Fresh to You website (www.farmfreshtoyou.com), one or more links that permit a customer to easily and effectively cancel or suspend his or her FFTY produce delivery account, subscription, or membership;

  h. Pursuant to paragraph 2.9 of the Settlement Agreement, to, within 30 days of the Effective Date, send a one-time email to all active customers who, during the Class Period, enrolled in the Farm Fresh to You residential produce delivery service, at the customer's most recent email address on file, containing the remedial message set forth in the Settlement Agreement;

  i. Pursuant to paragraph 2.10 of the Settlement Agreement, to reimburse Dahl for the actual costs of Class Notice and administration, up to $20,000

13. The Court further orders Class Counsel to reimburse Dahl for any costs of Class Notice and administration that exceed $20,000.

14. The Court grants Class Counsel's application for an award of fees and costs of $300,000 and orders Capay to pay this amount in the manner set forth in paragraph 2.11 of the Settlement Agreement.

15. In particular, the Court finds that plaintiff and the Class are prevailing parties and accordingly Class Counsel is entitled to an award of reasonable fees and costs pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code § 1780(e), and Rosenthal Fair Debt Collection Practices Act, *id.* § 1788.30(c). In addition, because plaintiff and the Class are "successful" parties, the action has resulted in the enforcement of an important right affecting the public interests, a significant benefit has been conferred on the general public and a large class of persons, and the necessity and financial burden of private enforcement are such as to make an award appropriate, *see Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal. 4th 1018,

5

*Belardes v. Capay Incorporated*, No. 37-2014-00041774-CU-MC-CTL
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT

1020 (quoting Cal. Code Civ. P. § 1021.5, and citing *Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal. 3d 917, 935), Class Counsel is entitled to an award of reasonable fees and costs pursuant to California's Private Attorney General Act, Cal. Civ. Code § 1021.5.

16. The Court also notes that defendant has contractually agreed to pay Class Counsel fees and costs, further supporting Class Counsel's request, and that equitable principles further justify an award of fees and costs, *see Serrano v. Priest* (1977) 20 Cal. 3d 25, 45.

17. The Court concludes that the billing rates used by Class Counsel are justified by prior awards in similar litigation and evidence presented with Class Counsel's motion showing these rates are in line with prevailing rates in the community. Specifically, the Court finds the following billing rates are reasonable:

| Attorney | Hourly Rate |
| --- | --- |
| Jack Fitzgerald | $625 |
| Thomas A. Canova | $725 |
| Trevor M. Flynn | $475 |
| Tran Nguyen | $325 |
| Steve Lucero | $350 |

18. The Court concludes that the 443.9 hours of time included in Class Counsel's calculation of its lodestar was reasonably spent on this litigation, including in relation to the results obtained. The Court notes that prior to calculating its lodestar, Class Counsel voluntarily cut 39 attorney hours, representing 8.1% of its raw time records. (Fitzgerald Decl. ¶¶ 10-11.)

19. Given Class Counsel's rates and hours, the Court concludes that Class Counsel's reasonable lodestar is $237,067.60.

20. The Court grants Class Counsel's request for reimbursement of $5,541 in costs recoverable under California Code of Civil Procedure § 1033.5, and reasonably necessary to conduct the litigation.

21. Subtracting the $5,541 from Class Counsel's request for a fee-and-cost award of $300,000, Class Counsel requests $294,459 in fees, representing a 1.24 multiplier to its $237,067.50 lodestar. The Court finds such a multiplier justified by the novelty and difficulty of the questions involved in this litigation; the skill displayed by Class Counsel; the contingent risk and delay in payment experienced by Class Counsel,

1  which prosecuted this matter on a contingency basis including advancing all costs and expenses; and most
2  importantly the excellent results obtained for the Class and general public.

3      22.    The Court further notes that Class Counsel's efforts created a "constructive common fund" of
4  $3,944,510, comprised of $3,254,320 in reversed Disputed Debt, $365,190 in Delivery Credits, $300,000 in
5  attorneys' fees and costs, $20,000 for Class Notice and administration, and $5,000 for an enhancement award
6  for the Class Representative. Class Counsel's $300,000 request represents just 7.6% of this monetary relief
7  provided by Capay to the Class under the Settlement Agreement, which is well below ranges typically
8  awarded under a percentage-of-fund analysis. *See Chavez v. Netflix Inc.* (2008) 162 Cal. App. 4th 43, 65.
9  This analysis thus further demonstrates that Class Counsel's request is fair and reasonable.

10      23.    Finally, the Court notes that the Class has been notified of Capay's agreement to pay fees and
11  costs, Class Counsel's intention to seek fees and costs, the amount Class Counsel would seek, and the division
12  of any fees awarded among Class Counsel. After receiving such notice, no Class Member has objected to the
13  fee request, further supporting the Court's conclusion that the amount sought is fair and reasonable.

14      24.    The Court grants Class Representative's application for an enhancement award of $5,000 and
15  orders Capay to pay this amount in the manner set forth in paragraph 2.12 of the Settlement Agreement. The
16  Court finds the amount of the award requested reasonable in light of the steps Mr. Belardes took to protect
17  the interests of the Class by bringing and actively participating in this lawsuit, and the degree to which the
18  Class has benefitted from Mr. Belardes' efforts.

19      25.    To the extent not specifically ordered herein, the Court orders the parties to comply with all
20  obligations arising under the Settlement Agreement, which become effective upon the Effective Date, *i.e.*,
21  that date by which any Judgment entered pursuant to the Settlement Agreement becomes Final.[3]

---

[3] "Final" means (a) if no appeal from the Judgment is filed, the date of expiration of the time for filing or noticing any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date of such affirmance or dismissal; or (c) if a petition for certiorari seeking review of the appellate judgment is filed and denied, the date the petition is denied; or (d) if a petition for writ of certiorari is filed and granted, the date of final affirmance or final dismissal of the review proceeding initiated by the petition for writ of certiorari. Settlement Agreement ¶¶ 1.15 – 1.16.

7

*Belardes v. Capay Incorporated*, No. 37-2014-00041774-CU-MC-CTL
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD; AND ENTERING JUDGMENT

26. Nothing in this Order shall preclude any action to enforce or interpret the terms of the Settlement Agreement. Any action to enforce or interpret the terms of the Settlement shall be brought solely in this Court.

27. The Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and this Order, and for any other necessary and appropriate purpose.

28. Having approved the Settlement, the Court hereby enters judgment pursuant to California Rules of Court Rule 3.769(h) consistent with all provisions of this Order, including the retention of jurisdiction to enforce the terms of the judgment.

**IT IS SO ORDERED.**

Dated: 12/4, 2015

*Joan M. Lewis*
Hon. Joan M. Lewis