**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESTON JONES and SHIRIN DELALA, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NUTIVA, INC.,<br><br>　　　　　　Defendant. | Case No: 3:16-cv-00711-HSG<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND COSTS** |

On May 22, 2017, plaintiff Preston Jones brought a Motion for Attorneys' Fees and Costs pursuant to Cal. Code Civ. P. § 1021.5 and Cal. Civ. Code §§ 1033.5, and 1780(e). The Court has considered the arguments presented in support of and in opposition to plaintiff's motion, and now finds as follows.

1. After more than a year of litigation, Nutiva revised its labels to remove or modify the statements plaintiffs challenge in this lawsuit. Nutiva's removal or modification of the challenged claims was one of the primary forms of relief plaintiff sought, and one of the main purposes for filing his suit.

2. The chronology, and Nutiva's testimony through its corporate representative, John Roulac, Nutiva's founder and Chief Executive Officer, establish that Nutiva revised its labels earlier this year, 2017, in substantial part because of this lawsuit, which was filed in January 2016.

3. Accordingly, plaintiff is a "prevailing party" within the meaning of California's Consumers Legal Remedies Act, *see* Cal. Civ. Code § 1780(e). This determination entitles plaintiff to an award of fees. *Id.*

4. Plaintiff is, for the same reason, a "successful party" within the meaning of California's Private Attorney General Statute, Cal. Code Civ. P. § 1021.5.

5. The remaining requirements entitling plaintiff to fees under § 1021.5 are also satisfied. Namely, (a) the action has resulted in the enforcement of an important right affecting the public interest, (b) a significant benefit has been conferred on the general public or a large class of persons, and (c) the necessity and financial burden of private enforcement are such as to make the award of fees appropriate.

6. The Court finds that plaintiff's fee request in the amount of counsel's lodestar of $450,058 is reasonable.

7. The fee request is based on rates, the reasonableness of which is supported by evidence of rates counsel have recently been awarded in other, similar litigation, as well as recent decisions setting rates for attorneys of similar experience, skill, and reputation in the Northern District of California.

1

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

8. The fee request is also based on reasonable hours spent. Specifically, the request includes counsel's work up until March 20, 2017, when it learned that Nutiva had revised the labels. Counsel also voluntarily excluded work related exclusively to plaintiff's damages case, and exercised billing discretion to make further cuts for erroneous, excessive, or duplicative hours, and administrative tasks.

9. Counsel's resulting lodestar is presumptively reasonable. Although certain factors may support an enhancement of counsel's lodestar, counsel seek no enhancement, but only their unadorned lodestar. This, too, renders counsel's request reasonable.

10. Plaintiff further seeks, pursuant to Cal. Civ. Code § 1033.5, reimbursement for his counsel's out-of-pocket costs in the amount of $27,773.97. The Court finds the costs requested are either mandatory under § 1033.5(a), or were reasonably necessary to conduct the litigation, and thus are compensable under § 1033.5(c).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

For good cause appearing, plaintiff's motion is **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $450,058, and costs in the amount of $27,773.97. Defendant shall pay this amount to plaintiff's counsel within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: _____, 2017

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge

2

*Jones et al. v. Nutiva, Inc.*, No. 16-cv-711-HSG
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS