UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JONES, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NUTIVA, INC.,<br><br>　　　　Defendant. | Case No. 4:16-cv-00711-HSG  (KAW)<br><br>**ORDER REGARDING 7/12/17 JOINT LETTER**<br><br>Re: Dkt. No. 96 |

On July 12, 2017, the parties filed a joint letter concerning the locations of the named plaintiffs' noticed depositions. (Joint Letter, Dkt. No. 96 at 1.)  Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, that Plaintiffs' depositions may proceed in either Newport Beach, California or in the Northern District of California, or, in the case of Mr. Jones, in Virginia Beach, Virginia so long as Nutiva's counsel's reasonable travel expenses are paid by Plaintiffs.

## I.　BACKGROUND

Plaintiff Preston Jones, who lives in Virginia Beach, Virginia, filed this action in January 2016, in Contra Costa County Superior Court. (Joint Letter at 1.)  Plaintiff Shirin Delalat, who lives in San Diego, California, joined the action in December 2016. *Id.*

On June 27, 2017, Nutiva noticed plaintiffs' depositions for July 6 and 7, in Newport Beach, California, where Nutiva's counsel is located. *Id.* The notices followed meet-and-confer efforts by the parties regarding the appropriate locations, day, and time for the depositions. *Id.*

By way of joint letter, Plaintiffs seek a protective order directing Nutiva to either take Mr. Jones' deposition by video, or in Virginia Beach, and to take Ms. Delalat's deposition in San

1  Diego either on a weekend day or after business hours. *Id.* Nutiva opposes Plaintiffs' motion but

2  has agreed to suspend the deposition notices pending its resolution. *Id.*

## II.   LEGAL STANDARD

The location of a deposition is selected by the party noticing the deposition. Fed. R. Civ. P. 30(b)(1). "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Rulo v. Ricoh Ams. Corp. (Rulo II)*, 2015 U.S. Dist. LEXIS 153432, at *3 (N.D. Cal. Nov. 12, 2015)(quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010)). "This general rule applies to class action suits." *Mullins v. Premier Nutrition Corp*, 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citation omitted).

To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins*, 2014 WL 4058484, at *1; *see also Rulo II*, 2015 U.S. Dist. LEXIS 153432, at *3 (Plaintiff must "persuasively demonstrate" that traveling to the forum for his deposition "would, for physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair."). Ultimately, the trial court has broad discretion to determine the appropriate place for a deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), as amended (July 25, 1994); Fed. R. Civ. P. 26(c)(1) (The court may prescribe the time, place, and terms of the deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

## III.   DISCUSSION

Plaintiffs argue that Nutiva, in choosing Newport Beach, did not choose an appropriate deposition location, since neither Plaintiff resides there nor was the action filed there. (Joint Letter at 1.) Instead, Newport Beach is where Nutiva's counsel is located. *Id.* Defendant contends that "Newport Beach was chosen simply because it is certainly more accommodative of all involved than a location in the Northern District of California." (Joint Letter at 3.) This is true, as Plaintiff Delalat and Plaintiffs' counsel are both located in San Diego.

///

### A. Preston Jones

Preston Jones has had multiple sclerosis for more than 10 years. (Joint Letter at 2.) Plaintiffs contend that Mr. Jones's physician advised that he "should avoid long trips by air." *Id.*[1] Plaintiffs argue that this could aggravate his symptoms. Moreover, Mr. Jones's mother suffered a heart attack and had emergency surgery on April 21, 2017, and he provides her with "near daily car[e]." *Id.* Plaintiff also collects disability benefits, which is his sole source of income, so Plaintiffs argue that Nutiva is better situated to bear the cost of discovery. *Id.* As a result, Plaintiffs seek a protective order that the deposition be held near Mr. Jones's residence in Virginia Beach, Virginia or, in the alternative, by videoconference. (Joint Letter at 2.)

Here, Mr. Jones has decided to prosecute this case in a representative capacity, such that Plaintiffs' argument that the named plaintiffs have a limited stake in the litigation, such that they should not be required to travel, is unavailing. (Joint Letter at 2.) As Nutiva correctly argues, Mr. Jones and Ms. Delalat "brought this putative class action at considerable legal expenses and time to Nutiva, . . . [and] [a]s named class representatives, their obligations and responsibilities to a potential class can only grow." (Joint Letter at 3.) In support of their position, Plaintiffs cite two FLSA collective action cases involving opt-in plaintiffs, rather than named plaintiffs, which are inapposite. (Joint Letter at 2) (citing *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124, at *2-3 (N.D. Cal. Nov. 15, 2011); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 601 (D. Kan. 2012)).

Moreover, Plaintiffs' reliance on *Guillen v. Bank of Am. Corp.*, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011), in support of a videoconference deposition is misplaced. (Joint Letter at 2.) In *Guillen*, the noticing party wished to take the deposition by videoconference and the deponents opposed the request. 2011 WL 3939690, at *1; *see also Fenerjian v. Nong Shim Co., Ltd*, 2016 WL 1019669, at *4 (N.D. Cal. Mar. 15, 2016). In contrast, here, Nutiva noticed an in-person deposition of Plaintiff Jones, who "must ultimately demonstrate that he is an adequate class representative who has put in sufficient effort in representing a putative class, and that he has directed this litigation, not merely his counsel." (Joint Letter at 4.) The Court agrees. Mr. Jones

---

[1] In opposition, Defendant states that Mr. Jones's doctor's note was two-lines and without elaboration. (Joint Letter at 4.)

and Ms. Delatat are named plaintiffs in this class action, filed in this district, in which "[t]hey seek to vindicate not only their own injuries, but the injuries of the class members they wish to represent." *Fenerjian*, 2016 WL 1019669, at *4. Thus, "Defendants are allowed to evaluate the credibility of the named plaintiffs through in-person depositions." *Id.*

Lastly, Mr. Jones decided to file a lawsuit in California to avail himself of the laws of the forum state. Mr. Jones has admittedly had M.S. for more than 10 years, well before the case was filed. Plaintiffs give no indication that his condition has worsened or would otherwise prevent him from serving in a representative capacity through trial, which would also be in the Northern District. That Mr. Jones is physically able to provide his mother with "near daily car[e]" further suggests that his condition is not so disabling as to render him unable to travel to California for a one-day deposition. While the undersigned is sympathetic to his mother's medical condition, Mr. Jones is not providing her care every day, so this is not sufficient to show exceptional or compelling circumstances to justify requiring Nutiva to incur the additional expense to assist Mr. Jones in prosecuting his case.

Accordingly, Plaintiffs' request to have Mr. Jones appear by videoconference is DENIED, as is Plaintiffs' request to have the deposition noticed for Virginia Beach at defense counsel's expense. The parties shall meet and confer regarding the location of Mr. Jones's deposition, which shall be held in Newport Beach, the Northern District of California, or Virginia Beach, Virginia. Should the parties agree to Virginia Beach, Plaintiffs shall pay the reasonable travel expenses for Nutiva's counsel.[2] If no agreement is reached, Mr. Jones will undergo deposition in the Northern District of California.

**B.   Shirin Delalat**

Plaintiffs argue that Ms. Delatat's deposition should occur in San Diego and either on the weekend or after normal business hours, because she cannot afford to take additional time off of work, because she is undergoing cancer treatment. (Joint Letter at 3.) Plaintiffs have failed to address how Ms. Delatat's taking one additional day off of work would be an undue hardship.

---

[2] Nutiva may receive reimbursement for the reasonable travel expenses for one attorney.

Instead, Plaintiffs cite *Morangelli v. Chemed Corp.*, 2011 WL 7475, at *2 (E.D.N.Y. 2011), in support of their request that Ms. Delatat be deposed during evening hours or on the weekend. (Joint Letter at 3.)  *Morangelli*, however, involved an opt-in plaintiff in an FLSA collective action, and the "spirit of the FLSA" is to make discovery obligations less onerous for opt-in plaintiffs than for representative plaintiffs. *See Morangelli,* 2011 WL 7475, at *2.  Ms. Delatat, however, is a named plaintiff, who affirmatively chose to serve in a representative capacity, and while the Court is sympathetic to her situation, she has chosen to litigate this case.

Moreover, Plaintiffs have failed to satisfy their burden to show compelling justification for having Ms. Delatat undergo deposition in San Diego when she would otherwise be required to appear in the Northern District.  While not within the district in which the case is filed, the Court notes that Ms. Delatat would only be required to travel a relatively short distance from San Diego to undergo deposition in Newport Beach, where the deposition was originally noticed.  This appears to be a reasonable compromise.

Accordingly, Plaintiffs' request for a protective order as to Delatat is DENIED.  Ms. Delatat shall undergo deposition in either Newport Beach or the Northern District of California, and shall do so between Monday and Friday, during normal business hours.

### IV.   CONCLUSION

In light of the foregoing, the parties are ordered to meet and confer and decide whether the depositions will occur in Newport Beach, California or at a location in the Northern District of California during normal business hours.  Should Plaintiffs wish to have Mr. Jones's deposition occur in Virginia Beach, Plaintiffs shall pay the reasonable travel expenses for Nutiva's counsel.  Given the approaching class certification deadlines, if the parties cannot agree within 5 days of this order, the depositions shall be taken in the Northern District of California.

IT IS SO ORDERED.

Dated: August 9, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

5