UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NUTIVA, INC.,<br><br>    Defendant. | Case No. 16-cv-00711-HSG<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 86 |

Pending before the Court is Preston Jones and Shirin Delalat's ("Plaintiffs") motion for attorneys' fees and costs. Dkt. No. 86. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiff Jones filed this putative nationwide class action in Contra Costa County Superior Court on January 7, 2016, alleging that Nutiva, Inc.'s advertising representations for its coconut oil products are false and misleading. *See* Dkt. No. 2-1. In particular, Jones alleged that statements such as "100% less cholesterol than butter," "better than butter," and "0g trans fat" misled consumers into thinking Defendant's products were healthy. *See id.* ¶¶ 59–90. Defendant removed the action to federal court on February 11, 2016, under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) and 1453(b). *See* Dkt. No. 1.

Defendant filed a motion for judgment on the pleadings on March 8, 2016, which the Court granted in part, dismissing Jones' claims for products that he had not purchased and for injunctive relief because he lacks standing. *See* Dkt. No. 55 at 6–8, 15–16. Following the Court's order, Jones amended the complaint, adding Plaintiff Shirin Delalat. Dkt. No 73. Defendant filed a

motion to dismiss, which the Court granted in part. *See* Dkt. No. 104. The Court again dismissed Plaintiffs' claims for products that they had not purchased and for injunctive relief because they lacked standing. *Id.* at 6.

Plaintiffs filed their third amended complaint on September 28, 2017, *see* Dkt. No. 115, and the parties are currently briefing Plaintiffs' motion for class certification, *see* Dkt. No. 118. Although the case is ongoing, Plaintiffs seek an interim attorneys' fees award under California Code of Civil Procedure § 1021.5 and California Civil Code § 1780(e), contending that Defendant changed the labels on some of its products since Plaintiffs filed this action. *See* Dkt. No. 86.

## II. LEGAL STANDARD

### A. Section 1021.5

In order to encourage parties to bring cases in the public interest, courts may, in their discretion, award attorneys' fees to "successful parties" if:

> (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons; [and] (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate.

Cal. Code Civ. P. § 1021.5; *see also Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (Cal. 2004). Generally, California courts have liberally construed who is a "successful party" for purposes of § 1021.5. The California Supreme Court has confirmed, for example, that "an attorney fee award may be justified even when plaintiff's legal action does not result in a favorable final judgment." *Graham*, 34 Cal. 4th at 565–566.

To determine whether a party is successful absent a judgment in his favor, California courts apply the "catalyst theory." Under this theory, a party is "successful" if "[he] achieves [his] litigation objectives by means of defendant's 'voluntary' change in conduct in response to the litigation." *Graham*, 34 Cal. 4th at 572. The plaintiff must establish that: "(1) the lawsuit was a catalyst motivating the defendant[] to provide the primary relief sought; (2) [] the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense . . .; and (3) [] the plaintiff[] reasonably attempted to settle the litigation prior to filing the lawsuit. *Tipton-Whittingham v. City of Los Angeles*, 34 Cal. 4th 604, 608 (Cal. 2004) (citing

2

companion case *Graham*, 34 Cal. 4th 553, *supra*). To be a catalyst, there must be "a causal connection between the lawsuit and the relief obtained" and the lawsuit must not be "frivolous, unreasonable, or groundless." *Graham*, 34 Cal. 4th at 573–75; *see also Henderson v. J.M. Smucker Co.*, CV 10–4524–GHK (VBKx), 2013 WL 3146774, at *4, *9 (C.D. Cal. June 19, 2013).

### B. Section 1780

Under California Civil Code § 1780(e), "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to [the Consumer Legal Remedies Act]." The statute does not define "prevailing party," but, "California courts have 'adopt[ed] a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level.'" *Gonzales v. CarMax Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017) (citing *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150 (Cal. Ct. App.2006)). Courts have held that a plaintiff is the prevailing party if he obtained a "net monetary recovery" or "realized [his] litigation objectives," even if reached as part of a settlement agreement. *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178–79 (Cal. Ct. App. 2007).

### III. ANALYSIS

Plaintiffs state that they are "successful" and "prevailing" parties, entitling them to attorneys' fees, because Defendant changed some of its products' labels during the course of this litigation. *See* Dkt. No. 86. In particular, Plaintiffs contend that the complaint filed on January 8, 2016, and a withdrawn motion for partial summary judgment filed on October 18, 2016, induced Defendant to alter its products' labels. *See id.* at 14–15.

The Court finds that this request is premature. The action is still pending and Plaintiffs have not established that an interim award is warranted in this case. Courts have held that "[i]t is a fair reading of the statutory language regarding 'a successful party' and 'any action which has resulted' that an award of attorney's fees pursuant to [§ 1021.5] is premature if the action is still unresolved." *Sengupta v. City of Monrovia*, No. CV 09-00795 ABC SHX, 2010 WL 3368438, at *3 (C.D. Cal. Aug. 25, 2010) (citing *Bullock v. City & County of San Francisco*, 221 Cal. App. 3d 1072, 1094 (Cal. Ct. App. 1990)). Here, the case remains unresolved: the parties only recently

3

finalized the pleadings and moved into the class certification stage.

Plaintiffs have not cited, nor has the Court found, an analogous case in which a court granted a motion for an interim award of attorneys' fees under § 1021.5. Plaintiffs' cases are readily distinguishable because the courts in those cases awarded attorneys' fees after a defendant's voluntary conduct rendered an entire case or specific claims moot. *See, e.g.*, *Macdonald v. Ford Motor Co.*, 142 F. Supp. 3d 884, 890 (N.D. Cal. 2015) (finding determination of attorneys' fees appropriate where parties agreed the defendant's voluntary recall mooted claims and only remaining issue was fees); *see also Tipton* 34 Cal. 4th at 607 (same). Here, in contrast, Plaintiffs have not suggested that Defendant's conduct renders any of their claims moot. And to the extent Defendant's conduct could have altered a claim for injunctive relief, the Court has already concluded that Plaintiffs lack standing to seek injunctive relief in this case. *See* Dkt. Nos. 55, 104. The Court, therefore, declines to exercise its discretion to grant attorneys' fees under § 1021.5. Although Plaintiffs ultimately may be entitled to an attorneys' fee award, they have not identified any legal or equitable basis for awarding attorneys' fees at this early stage in the litigation.

Plaintiffs' request for attorneys' fees under California Civil Code § 1780(e) similarly fails at this time. As with Plaintiffs' claim under § 1021.5, the Court finds Plaintiffs' request premature. Plaintiffs have not succeeded on their Consumer Legal Remedies Act Claim. They have not received any monetary recovery or otherwise achieved their litigation objectives, as evidenced by the ongoing litigation. *See Kim*, 149 Cal. App. 4th at 178–79.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiffs' motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: 10/18/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4