**THE LAW OFFICE OF**
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**THE LAW OFFICE OF**
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESTON JONES and SHIRIN DELALAT, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NUTIVA, INC.,<br><br>　　　　　　Defendant. | Case No: 4:16-cv-00711-HSG<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**<br><br>[Fed. R. Civ. P. 54(b)]<br><br>Judge:　Hon. Haywood S. Gilliam, Jr.<br>Date:　Feb. 8, 2018, 2:00 p.m.<br>Location:　Courtroom |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

NOTICE OF MOTION ............................................................................................................... 1

RELIEF SOUGHT ...................................................................................................................... 1

MEMORANDUM OF POINTS & AUTHORITIES .................................................................. 2

    I.    INTRODUCTION ................................................................................................ 2

    II.    FACTS & PROCEDURAL HISTORY ............................................................... 3

        A.    Filing, Removal, and Nutiva's Motion for Judgment on the Pleadings ................................................................................................ 3

        B.    The Court's September 22, 2016 Order ................................................. 3

        C.    The Court's August 23, 2017 Order ....................................................... 4

        D.    The Court's October 18, 2017 Order ...................................................... 4

        E.    The Ninth Circuit's Decision in *Davidson* ............................................ 5

    III.    LEGAL STANDARD .......................................................................................... 7

    IV.    ARGUMENT ........................................................................................................ 7

        A.    In Light of the Holding in *Davidson*, the Court Should Reconsider the Portions of its September 22, 2016 and August 23, 2017 Orders Dismissing Plaintiffs' Injunctive Relief Claims with Prejudice ............................................................................................... 7

        B.    In Light of the Holding in *Davidson*, the Court Should Reconsider its October 18, 2017 Order Denying Plaintiffs' Fee Motion ................................................................................................... 13

    V.    CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ............................................................................................... 12

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .............................................................................................................. 12

*Claiborne v. Church & Dwight Co., Inc.*,
    No. 17-cv-746-L-JLB, slip op. (S.D. Cal. Nov. 13, 2017) ............................................. 13

*Davidson v. Kimberly-Clark Corp.*,
    873 F.3d 1103 (9th Cir. 2017) ..................................................................................... passim

*Davidson v. Kimberly-Clark Corp.*,
    2014 WL 7247398 (N.D. Cal. Dec. 19, 2014) ..................................................................... 3

*Foman v. Davis*,
    371 U.S. 178 (1962) .............................................................................................................. 9

*Gasser v. Kiss My Face, LLC*,
    2017 WL 4773426 (N.D. Cal. Oct. 23, 2017) ..................................................................... 9

*Harrison v. Milligan*,
    2012 WL 1835428 (N.D. Cal. May 21, 2012) ..................................................................... 7

*Henderson v. Gruma Corp.*,
    2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ..................................................................... 6

*Henderson v. J.M. Smucker Co.*,
    2013 WL 3146774 (C.D. Cal. June 19, 2013) ..................................................................... 2

*In re Dunn*,
    2010 WL 6451888 (9th Cir. Br. 2010) ................................................................................ 5

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .......................................................................................................... 8

*Jones v. Nutiva, Inc.*,
    2016 WL 5210935 (N.D. Cal. Sept. 22, 2016) ........................................................... 2, 3, 4

*Jones v. Nutiva, Inc.*,
　2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) .................................................................. 4

*Jones v. Nutiva, Inc.*,
　2017 WL 4680076 (N.D. Cal. Oct. 18, 2017) ....................................................... 4, 5, 14

*Kwikset Corp. v. Super. Ct.*,
　51 Cal. 4th 310 (2011) .................................................................................................. 12

*Lilly v. Jamba Juice Co.*,
　2015 WL 1248027 (N.D. Cal. Mar. 18, 2015)..................................................... 11, 12, 13

*Macdonald v. Ford Motor Co.*,
　142 F. Supp. 3d 884 (N.D. Cal. 2015) ............................................................................ 4

*Machlan v. Proctor & Gamble Co.*,
　77 F. Supp. 3d 954 (N.D. Cal. Jan. 7, 2015).............................................................. 3, 6

*POM Wonderful, LLC v. Fed. Trade Comm'n*,
　777 F.3d 478 (D. D.C. 2015) ........................................................................................ 11

*Reid v. Johnson & Johnson*,
　780 F.3d 952 (9th Cir. 2015) ........................................................................................ 11

*Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*,
　5 F.3d 1255 (9th Cir. 1993) ............................................................................................ 7

*Summers v. Earth Island Inst.*,
　555 U.S. 488 (2009) ....................................................................................................... 5

*Zemola v. Carrington Tea Co.*,
　2017 WL 4922974 (S.D. Cal. Oct. 30, 2017) ................................................................. 8

**STATUTES**

Cal. Civ. Code § 1780 ............................................................................................................ 4

Cal. Code Civ. P. § 1021.5 ................................................................................................. 3, 4

**RULES**

Fed. R. Civ. P. 15(a)(3) ............................................................................................................... 9

Fed. R. Civ. P. 54(b) .............................................................................................................. 1, 7

**REGULATIONS**

21 C.F.R. § 101.83 ..................................................................................................................... 11

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 54(b), on February 8, 2018, at 2:00 p.m., or as soon thereafter as may be heard, in Courtroom 2, 4th Floor, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, California, plaintiffs Preston Jones[1] and Shirin Delalat will, and hereby do move the Court to reconsider:

(1) the Court's September 22, 2016 Order regarding Nutiva's Motion for Judgment on the Pleadings (Dkt. No. 55);

(2) the Court's August 23, 2017 Order regarding Nutiva's Motion to Dismiss the First Amended Complaint (Dkt. No. 104); and

(3) the Court's October 18, 2017 Order regarding Plaintiffs' Motion for Attorney's Fees (Dkt. No. 120).[2]

This motion is based on the Ninth Circuit's recent decision in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), and upon this Notice of Motion, the below Memorandum of Points and Authorities, the concurrently-filed Declaration of Jack Fitzgerald and exhibits attached thereto, all prior pleadings and proceedings in this action, and all written and oral argument presented in support of the Motion.

# RELIEF SOUGHT

Plaintiffs request that the Court (a) reconsider its September 22, 2016 and August 23, 2017 Orders and find that either (i) as of the time they filed their pleadings, plaintiffs had standing, as pled, to seek injunctive relief, or (ii) in light of *Davidson*, plaintiffs at least should have been granted leave to amend to allege facts sufficient to give them injunctive relief standing; and (b) reconsider its October 18, 2017 Order in light of the fact that, as of

---

[1] In the interest of candor, Mr. Jones is likely to shortly dismiss his claims.

[2] Plaintiffs previously sought, and the Court granted, their motion pursuant to N.D. Cal. Civ. L.R. 7-9 for leave to file a motion for reconsideration. (*See* Dkt. Nos. 121-22.)

1

the time they filed, plaintiffs either had, or could have had standing to seek injunctive relief, and find plaintiffs entitled to an interim award of fees since Nutiva's voluntary change of behavior mooted those viable claims.[3]

## MEMORANDUM OF POINTS & AUTHORITIES

**I.   INTRODUCTION**

In September 2016, the Court held that plaintiff Preston Jones lacked Article III standing to seek injunctive relief. *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at *10 (N.D. Cal. Sept. 22, 2016) (Gilliam, J.) ["*Jones I*"]. The Court nevertheless "recognize[d] that other courts . . . have allowed claims for injunctive relief to proceed under similar circumstances," *id.*, at *10 n.3.

On October 20, 2017, the Ninth Circuit, also recognizing a divergence among the lower courts, "resolve[d] this district court split in favor of plaintiffs seeking injunctive relief," *Davidson*, 873 F.3d at 1115, writing:

> Today, we hold that California consumers who can seek in California state court an order requiring the manufacturer of an allegedly falsely advertised product to cease the false advertising may also seek such an order in federal court. A consumer's inability to rely in the future upon a representation made on a package, even if the consumer knew or continued to believe the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising.

*Id.* at 1107.

Given the resolution of this issue in their favor, plaintiffs respectfully move the Court for reconsideration of its two Orders dismissing their injunctive relief claims with prejudice

---

[3] The fee motion was brought nominally by "Preston Jones and his counsel," noting that, despite later being joined by Ms. Delalat, "for ease and consistent reference throughout the brief, we use 'plaintiff' in the singular." (Dkt. No. 86 at 1.) The Court, however, reasonably treated the motion as filed by both plaintiffs. (*See* Dkt. No. 120 at 1.) Despite that Mr. Jones is likely to dismiss his claims shortly, the motion is still properly brought by both Ms. Delalat and by plaintiffs' counsel. *See Henderson v. J.M. Smucker Co.*, 2013 WL 3146774, at *2-3 (C.D. Cal. June 19, 2013) (concluding that a plaintiff's "counsel can assert this right [to fees] on their own behalf under California law").

(Dkt. Nos. 55 & 104), and its subsequent Order that relied on those dismissals to deny plaintiffs' motion for attorneys' fees pursuant to Cal. Code Civ. P. § 1021.5, under a catalyst theory (Dkt. No. 120).

## II. FACTS & PROCEDURAL HISTORY

### A. Filing, Removal, and Nutiva's Motion for Judgment on the Pleadings

Plaintiff Preston Jones initially filed this action on January 8, 2016, in Contra County Superior Court. On February 10, 2016, Nutiva filed an Answer asserting a general denial, then removed the action to this Court the next day. (*See* Dkt. Nos. 1-3.) On March 8, 2016 Nutiva moved for judgment on the pleadings (Dkt. No. 18), "assert[ing] that Plaintiff lacks Article III standing to seek injunctive relief," *see Jones I*, 2016 WL 5210935, at *10. Plaintiff opposed on a number of grounds (Dkt. No. 20 at 22-25), and also requested that, if the Court found he lacked standing to seek injunctive relief in federal court, it follow the Hon. James Donato's decision in *Machlan v. Proctor & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. Jan. 7, 2015), and remand those claims to state court (*see* Dkt. No. 19 (discussing *Machlan*, 77 F. Supp. at 961 (finding that "[p]rinciples of fairness and comity [] strongly support remand rather than dismissal" of injunctive relief claims)).

### B. The Court's September 22, 2016 Order

On September 22, 2016, the Court issued an Order on Nutiva's motion for judgment on the pleadings, noting that, "[i]n false advertising cases," some courts have "held that a plaintiff who is aware of allegedly misleading advertising has no standing to seek prospective injunctive relief." *Jones I*, 2016 WL 5210935, at *10 (quoting *Davidson v. Kimberly-Clark Corp.*, 2014 WL 7247398, at *4 (N.D. Cal. Dec. 19, 2014)[4]). Based on plaintiff's allegation that he "would not have purchased Nutiva Virgin Coconut Oil if he knew the product . . . claims were false and misleading," *id.* (quoting Compl. ¶ 104), the Court found it "entirely implausible that Plaintiff risks being harmed by Defendant's alleged misrepresentations again," so "that Plaintiff has not alleged 'a real and immediate threat' of

---

[4] This is the decision reversed by the Ninth Circuit's October 20 *Davidson* decision.

future injury and does not have standing to seek injunctive relief." *Id.* The Court further found that "amendment as to th[is] issue[] would be futile given the facts Plaintiff already has pled," and thus dismissed his injunctive relief claims with prejudice. *Id.*, at *12. Finally, the Court disagreed with the decision in *Machlan* and denied plaintiffs' motion to remand the claims. *Id.*, at *11-12 (holding that the Court "cannot properly remand Plaintiff's request for injunctive relief").

### C. The Court's August 23, 2017 Order

On December 5, 2016, plaintiffs filed a First Amended Complaint adding Ms. Delalat. (Dkt. No. 73.) Defendant moved to dismiss Ms. Delalat's claims, including for injunctive relief. (Dkt. No. 74.) In its August 23 Order on the motion, the Court noted that it "previously dismissed Plaintiffs' request for injunctive relief because Plaintiffs failed to allege that they are at risk of future injury," and explained that plaintiffs "are merely preserving their rights for appeal, and do not ask the Court to reconsider its prior holding." *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017) (Gilliam, J.) ["*Jones II*"].

### D. The Court's October 18, 2017 Order

On May 22, 2017, plaintiffs moved for an interim award of attorneys' fees pursuant to Cal. Code Civ. P. § 1021.5, and Cal. Civ. Code § 1780, on the basis that the lawsuit catalyzed Nutiva to revise the labeling of the challenged Coconut Oil products to remove challenged claims, including all claims that rendered the Products misbranded resulting in a violation of the UCL's "unlawful" prong. (Dkt. No. 86, "Fee Mot.")

Last month, the Court issued an Order denying the motion, finding the "request is premature." *Jones v. Nutiva, Inc.*, 2017 WL 4680076, at *2 (N.D. Cal. Oct. 18, 2017) (Gilliam, J.) ["*Jones III*"]. Specifically, the Court found this case distinguishable from ones in which "courts . . . awarded attorneys' fees after a defendant's voluntary conduct rendered an entire case *or specific claims* moot." *Id.* (emphasis added) (citing *Macdonald v. Ford Motor Co.*, 142 F. Supp. 3d 884, 890 (N.D. Cal. 2015)). The Court stated that "Plaintiffs have not suggested that Defendant's conduct renders any of their claims moot," and explained that "to the extent the Defendant's conduct could have altered a claim for injunctive relief, the

Court has already concluded that Plaintiff's lack standing to seek injunctive relief in this case." *Id.* (citing Dkt. Nos. 55, 104).[5]

### E. The Ninth Circuit's Decision in *Davidson*

In *Davidson*, the Court of Appeals explained that "[i]t is an open question in this circuit to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." 873 F.3d at 1113. In "resolv[ing] th[e] district court split in favor of plaintiffs seeking injunctive relief," the court "h[e]ld that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 1115 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

That is because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* Thus, for example, "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* (citations omitted). Or "the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the

---

[5] Plaintiffs believe this conclusion is clearly erroneous because plaintiffs discussed at length their efforts to push their injunctive relief claims at the trial level, and the care they took to preserve those claims for appeal. Although dismissed by the Court, that decision was appealable and there had been no final, non-appealable judgment with respect to plaintiffs' injunctive relief claims, which were therefore still "live" in the case. *Cf. In re Dunn*, 2010 WL 6451888, at *9 n.14 (9th Cir. Br. 2010) ("as soon as our judgment affirming the Dismissal Order becomes final and non-appealable, Dunn's appeal from the Relief From Stay Order becomes moot"). Given that plaintiffs' injunctive claims were live, Nutiva's modified behavior *did* render specific claims moot. Indeed, plaintiffs would have eventually had the ability to seek review of the Court's September 22, 2016 Order, in which case Nutiva likely would have argued successfully that the appeal should be dismissed as moot given that its labels have changed so that injunctive relief is no longer necessary.

future, despite the fact that it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* (citation omitted).

In *Davidson*, the Ninth Circuit found the plaintiff had adequately alleged an imminent or actual threat of future harm from the defendant's false advertising because she alleged she desired to purchase the falsely-advertised "flushable" wipes, and the court found that, absent injunctive relief, she would not know whether she could rely on "flushable" representations in the future. *Id.* at 1116. In doing so, the Ninth Circuit overturned the district court's order in which it "concluded that Davidson lacked standing to assert a claim for injunctive relief, because Davidson 'has no intention of purchasing the same Kimberly-Clark product in the future.'" *See id.* at 1112.

The Ninth Circuit was also sympathetic to the concerns that motivated the *Machlan* court to split and remand the plaintiffs' injunctive relief claims. *See*, *e.g.*, *id.* at 1117 (Berzon, J., concurring) ("I doubt that is an acceptable option. But the impetus to do that springs from the same problem I have identified—that a defendant should not be able to strip a plaintiff of remedies dictated by state law by removing to federal court a case over which there surely *is* Article III jurisdiction over the liability issues."). The *Davidson* court thus noted that its holding "alleviates the anomalies the opposite conclusion would create." *Id.* at 1115 (citing *Machlan*, 77 F. Supp. 3d at 961 ("Allowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity [and] . . . an unwarranted federal intrusion into California's interests and laws."); *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *8 (C.D. Cal. Apr. 11, 2011) ("[T]o prevent [plaintiffs] from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws.")).

The specific problem the *Davidson* holding avoids is that, "[w]ere injunctive relief unavailable to a consumer who learns after purchasing a product that the product's label is false, California's consumer protection laws would be effectively gutted, as defendants could remove any such case." *Id.* at 1115-16 (citing *Machlan*, 77 F. Supp. 3d at 961). This "risk[s]

6

creating a 'perpetual loop' of plaintiffs filing their state law consumer protection claims in California state court, defendants removing the case to federal court, and the federal court dismissing the injunctive relief claims for failure to meet Article III's standing requirements." *Id.* at 1116 (citation omitted).

Finally, the *Davidson* decision acknowledged the plaintiff's alternate argument, that the defendant's "false advertising threatens to invade her statutory right, created by the UCL, CLRA, and FAL, to receive truthful information," *id.* at 1112. Plaintiffs here advanced the same argument. (*See* Dkt. No. 20 at 23-24.) However, because the *Davidson* court found the plaintiff had standing based on her inability "to rely on the label 'flushable' when deciding in the future whether to purchase Kimberly-Clark's wipes," the court did "not reach Davidson's alternative statutory standing argument." 873 F.3d at 1113. Nevertheless, the overall decision, including Judge Berzon's concurring opinion, *see id.*, at 1116-18, suggests the Court of Appeals would look favorably upon this argument.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order . . . [that does not end the action] may be revised at any time before entry of a judgment . . . ." Fed. R. Civ. P. 54(b). "Reconsideration is appropriate . . . if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *accord Harrison v. Milligan*, 2012 WL 1835428, at *2 (N.D. Cal. May 21, 2012).

## IV. ARGUMENT

### A. In Light of the Holding in *Davidson*, the Court Should Reconsider the Portions of its September 22, 2016 and August 23, 2017 Orders Dismissing Plaintiffs' Injunctive Relief Claims with Prejudice

Because, pursuant to *Davidson*, as of the time plaintiffs' filed their lawsuit and Nutiva moved to dismiss, they already had standing, or at least would have been able to plead facts sufficient to have standing to seek injunctive relief, the Court should reconsider its Orders dismissing their injunctive relief claims with prejudice.

Under *Davidson*, the prior pleadings, including the currently-operative Third Amended Complaint (Dkt. No. 115 ("TAC")) provide injunctive relief standing. "California has decided that its consumers have a right, while shopping in a store selling consumer goods, to rely upon the statements made on a product's packaging." *Davidson*, 873 F.3d at 1106-107. "A consumer's inability to rely in the future upon a representation made on a package, even if the consumer knew or continued to believe the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising." *Id.* at 1107. Accordingly, "California consumers who can seek in California state court an order requiring a manufacturer of an allegedly falsely advertised product to cease the false advertising may also seek such an order in federal court." *Id.* Plaintiffs are "consumers who can seek in California state court an order" of injunctive relief against Nutiva. Accordingly, they have standing here to seek the same under *Davidson*.[6]

To the extent the Court finds that the prior and currently-operative pleadings do not allege facts sufficient to satisfy the requirements of *Davidson*, plaintiffs should be (or should have been) permitted to amend the Complaint, consistent with Rule 11, to allege facts that would give them standing to seek injunctive relief. *See Zemola v. Carrington Tea Co.*, 2017 WL 4922974, at *5, *8 (S.D. Cal. Oct. 30, 2017) (in case alleging the false advertising of coconut oil as healthy, finding that "even under the newly clarified standards set forth in *Davidson*, Plaintiffs' allegations are insufficient to confer standing to seek prospective

---

[6] Moreover, although the *Davidson* court declined to formally rule on the statutory argument, *id.* at 1113, the opinion suggests the Ninth Circuit would *also* find plaintiffs have standing to seek injunctive relief by virtue of the intrusion of false advertising upon their substantive right under the UCL, CLRA, and FAL to be free of a marketplace with misrepresentations, *see In re Tobacco II Cases*, 46 Cal. 4th 298, 324 (2009) ("The substantive right extended to the public by the UCL is the right to protection from fraud, deceit and unlawful conduct[.]" (internal quotation marks and citation omitted)). (*Compare* Dkt. No. 20 at 23-24.) For example, the Ninth Circuit addressed how a failure to find false advertising plaintiffs have standing to seek injunctive relief would "gut" California's consumer protection statutes, and were sympathetic to the *Machlan* court's desire to keep injunctive relief claims viable, even by remand. *See id.* at 1115-16; *id.* at 1116-18 (Berzon, J., concurring).

injunctive relief," but permitting plaintiffs to "file an amended complaint that cures the deficiency with respect to the prayer for prospective injunctive relief"); *accord Gasser v. Kiss My Face, LLC*, 2017 WL 4773426, at *4 (N.D. Cal. Oct. 23, 2017) (Plaintiffs "have not established standing for injunctive relief. However, a recent Ninth Circuit case suggests they may be able to do so. . . . accordingly, [defendant's] motion to dismiss the injunctive relief claim is granted with leave to amend." (citing *Davidson*, 2017 WL 4700093, at *7-10)).

Indeed, under the Federal Rules, "[t]he court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(3). Under this standard, courts should deny leave only where there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "where the facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 181-82.

Here, because amendment is based on *Davidson* in which the Ninth Circuit recently clarified and delineated the standard for a false advertising plaintiff's injunctive relief standing, none of the *Foman* factors could reasonably preclude amendment, other than the possibility that amendment would, notwithstanding the holding in *Davidson*, be futile. But that is not the case here for two reasons.

First, nothing in the prior and currently-operative pleadings preclude plaintiffs from plausibly alleging they may be injured in the future by Nutiva's false advertising if not enjoined.[7] Although plaintiffs allege they would not have purchased the products if they

---

[7] Plaintiffs acknowledge that, because Nutiva modified its labels to remove virtually all of the challenged claims (including all "unlawful" claims that rendered the products misbranded), as a practical matter, their claims for injunctive relief appear largely to be moot, except with respect to a single challenged claim that plaintiffs press ("Superfood"), and except to the extent that a court order could legally prohibit Nutiva from resuming use of the removed claims absent a reformulation. In resolving this motion as it pertains to the Court's

"knew the product[s] w[ere] misbranded pursuant to California and FDA regulations, or that [the products'] claims were false and misleading" (TAC ¶¶ 107, 124), this does *not* logically preclude plaintiffs from being potentially interested in purchasing the products in the future.

Indeed, the plaintiff in *Davidson* had, similar to plaintiffs here, alleged that "[h]ad [Kimberly-Clark] not misrepresented . . . the true nature of their Flushable Wipes, [she] would not have purchased [Kimberly-Clark's] product, or at a very minimum, she would have paid less for the product," *Davidson*, 873 F.3d at 1112 (alterations in original); *compare* TAC ¶¶ 103-105, 107, 120-122, 124. The district court nevertheless erred in concluding that the plaintiff "has no intention of purchasing the same Kimberly-Clark product in the future." *See Davidson*, 873 F.3d at 1112.

Second, plaintiffs here *can*, consistent with Rule 11, amend the Complaint to allege facts sufficient to confer standing. Both allege they are interested in healthy eating. (*See* TAC ¶¶ 97, 114 (plaintiffs were "seeking a product that had the qualities described on the product's label"); *see also* Fitzgerald Decl. Ex. 1, Delalat Dep. Tr. at 24:10-17 (Ms. Delalat purchased coconut oil because "it seemed nutritious and healthy, and that was in line with the way that I tried to eat.")). Both are in the market for healthy oils, both continue to shop where Nutiva coconut oil is sold, and Ms. Delalat continues to occasionally purchase coconut oil for non-consumption purposes. (*See* Delalat Dep. Tr. at 72:18-22, 73:21-74:3, 79:1-6, 158:9-14.)

Further, plaintiffs' "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson*, 873 F.3d at 1115. Rather, Nutiva "may change or reconstitute its product in the future to conform to the representations on the label," but "[u]nless [Nutiva] has been enjoined from making the same

---

September 22, 2016 and August 23, 2017 Orders, if the Court finds that Nutiva's label revisions render plaintiffs' claims currently moot, it should acknowledge that plaintiffs did have standing under *Davidson*, or could have alleged facts to have standing, and thus reconsider plaintiffs' fee motion with an understanding that Nutiva's actions rendered moot plaintiffs' *viable* injunctive relief claims.

representation, [plaintiffs] . . . won't know whether it makes sense to spend [their] money on the product." *See Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at *4 (N.D. Cal. Mar. 18, 2015). For example, if encountering health claims on Nutiva's coconut oils in the future, plaintiffs might reasonably assume Nutiva has added something to counteract the detrimental effects of the saturated fats in the oil (like plant sterols, *see generally* 21 C.F.R. § 101.83 (FDA health claim for plant sterols and stanols); *compare Reid v. Johnson & Johnson*, 780 F.3d 952, 960-61 (9th Cir. 2015)); or that Nutiva has taken away some of the most dangerous longer-chain saturated fats, or otherwise reformulated the product to conform to the health and wellness claims.

Moreover, since in the arena of nutrition science, and notwithstanding plaintiffs' allegations, it is at least possible that new evidence could emerge regarding the healthfulness of coconut oil, there remains a plausible "threat of future harm" absent injunctive relief, since plaintiffs "might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved," at least in terms of the scientific support for its health claims. *See Davidson*, 873 F.3d at 1115. Only with an injunction precluding Nutiva from using the challenged health and wellness claims absent valid scientific evidence supporting them, could plaintiffs be confident in the future that, if a Nutiva coconut oil bears a health claim, the claim is true.[8]

---

[8] It is not uncommon for injunctions that prohibit a practice or act to acknowledge the evolving nature of science. For example, the Federal Trade Commission regularly enters into consent decrees with false advertising offenders that prohibit the labeling claims unless they are later supported by "competent and reliable scientific evidence." *See, e.g.*, *POM Wonderful, LLC v. Fed. Trade Comm'n*, 777 F.3d 478, 500 (D. D.C. 2015) (Noting that FTC Order barred "representations about a product's general health benefits 'unless the representation is non-misleading' and backed by 'competent and reliable scientific evidence that is sufficient in quality and quantity' to 'substantiate that the representation is true.'"). Especially since plaintiffs are "lay consumer[s]" (TAC ¶¶ 101, 118), and may not even themselves fully understand the science that their experts will convey to the jury, absent an injunction, if the challenged claims (or similar claims) appear on Nutiva's coconut oil products in the future, plaintiffs may reasonably believe there is some legitimate basis for

Finally, plaintiffs allege that Nutiva's misleading health claims have caused its coconut oils to carry an unfair premium price in the market. This premium, in fact, is assumed in the law:

> For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay if the product had been accurately labeled. This economic harm—the loss of real dollars from a consumer's pocket—is the same whether or not a court might objectively view the products as functionally equivalent.

*Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 329 (2011). It may be that plaintiffs prefer the quality of Nutiva's coconut oil, and wish to purchase it for non-consumption uses, but are deterred from doing so while health claims are on the labels, knowing that those claims are commanding an unfair premium in the marketplace. It is insufficient solace that plaintiffs may choose other products: under California's consumer protections statutes, they are entitled to market prices for goods they may wish to purchase that reflect accurate labeling.

In discussing the general principles governing a plaintiff's constitutional standing to seek injunctive relief, the *Davidson* court noted that when standing is premised "on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way,'" 873 F.3d at 1113 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). But it cautioned that courts should "be careful not to employ too narrow or technical an approach," and instead "must examine the questions realistically . . . reject[ing] the temptation to parse too finely, and consider instead the context of the inquiry." *Id.* (quoting *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005)).

"[W]here false advertising misleads a consumer, the consumer tends to suffer continuing injury in the form of a lessened ability to trust that any similar future

---

the claims, or at least will not know whether there is a basis, or whether Nutiva has instead simply reverted to its deceptive behavior. *See Lilly*, 2015 WL 1248027, at *4.

representation is accurate." *Claiborne v. Church & Dwight Co., Inc.*, No. 17-cv-746-L-JLB, slip op. at 6 (S.D. Cal. Nov. 13, 2017)[9] (citing *Lilly*, 2015 WL 1248027, at *3 (collecting cases)). "[T]his type of injury is not dependent upon a present intention to purchase a given product in the future. Even if Plaintiff has no present intention to make a future purchase . . . he still suffers injury from false advertising because it lessens his ability to gather all relevant information and incorporate it into his future purchasing decisions." *Id.* at 6 n.3 (citing *Lilly*, 2015 WL 1248027, at *5).

### B. In Light of the Holding in *Davidson*, the Court Should Reconsider its October 18, 2017 Order Denying Plaintiffs' Fee Motion

Because under *Davidson*, as of the time the Court dismissed their injunctive relief claims, plaintiffs either had, or at least could have amended the Complaint so as to have standing to seek injunctive relief, reconsideration of their fee motion is also warranted.

In their fee motion, plaintiffs noted that before filing, they had demanded Nutiva change its labels, and that Nutiva had expressly refused. (Fee Mot. at 2.) They explained that when they filed the action—in state court—they "sought, first and foremost, 'an order . . . compelling Nutiva to (a) cease marketing its coconut oil products using the misleading and unlawful tactics complained of'" (*id.* (record citation omitted)). They reminded the Court that when Nutiva removed the action and moved for judgment on the pleadings on the claims for injunctive relief arguing that plaintiffs lacked Article III standing, plaintiffs requested those claims be remanded, rather than dismissed, if the Court agreed with Nutiva. (*Id.* at 3.) And they pointed out that, when the Court dismissed the claims and denied the request to remand them, plaintiffs carefully "preserve[d] [their] appellate rights on this undecided issue of law." (*Id.* (record citation omitted); *see also id.* at 4 (noting amended Complaint "respectfully maintain[ed] allegations regarding injunctive relief to ensure [plaintiffs] both properly preserve[d] their appeal rights").)

---

[9] Attached to the Fitzgerald Declaration as Exhibit 2.

Plaintiffs reiterated these facts on reply. (Dkt. No. 92 at 2-3.) And, they showed how Nutiva's argument that it is "free to change the[ labels] back" did not prevent their claims for injunctive relief from being moot, since satisfying the requirements of § 1021.5 sufficiently ensures mootness even absent a final judgment. (*Id.* at 8-9.)

In denying the fee motion, the Court nevertheless found that "to the extent Defendant's conduct could have altered a claim for injunctive relief," *Jones III*, 2017 WL 4680076, at *2, and thereby "rendered . . . specific claims moot," *id.* (citation omitted), this did not justify an award of fees because "the Court has already concluded Plaintiffs lack standing to seek injunctive relief in this case," *id.*

Because, prior to Nutiva changing its labels, plaintiffs either had, or at least could have amended their Complaint to allege facts sufficient to have standing to seek injunctive relief, it is now clear that Nutiva's revising the products' labels *did* moot plaintiffs' injunctive relief claims, so that there *is* a basis for an interim award of fees. Accordingly, the Court should reconsider its Order denying plaintiffs' fee motion.

## V.   CONCLUSION

For the foregoing reasons, plaintiffs request the Court reconsider its September 22, 2016, August 23, 2017, and October 18, 2017 Orders.

Dated: November 14, 2017          Respectfully submitted,

/s/ Jack Fitzgerald

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840

**THE LAW OFFICE OF PAUL K. JOSEPH, PC**
PAUL K. JOSEPH
*paul@pauljosephlaw.com*
4125 W. Point Loma Blvd. No. 206
San Diego, California 92110
Phone: (619) 767-0356

*Attorneys for Plaintiffs and the Proposed Class*