# Attachment A

# Zemola v. Carrington Tea Co., LLC

United States District Court for the Southern District of California

January 24, 2018, Decided; January 24, 2018, Filed

Case No.: 17cv760-MMA (KSC)

**Reporter**
2018 U.S. Dist. LEXIS 11781 *; 2018 WL 539142

ELIZABETH ZEMOLA, et al., Plaintiffs, v. CARRINGTON TEA COMPANY, LLC, Defendant.

**Counsel:** [*1] For Elizabeth Zemola, on behalf of themselves, all others similarly situated, and the general public, Matthew Beaumont, on behalf of themselves, all others similarly situated, and the general public, Plaintiff: Jack Fitzgerald, LEAD ATTORNEY, The Law Office of Jack Fitzgerald, PC, Hillcrest Professional Building, San Diego, CA; Paul K. Joseph, LEAD ATTORNEY, The Law Office of Paul K. Joseph, PC, San Diego, CA; Melanie Rae Persinger, The Law Office of Jack Fitzgerald, San Diego, CA; Trevor Flynn, Hillcrest Professional Building, San Diego, CA.

For Carrington Tea Company, LLC, Defendant: Ana Tagvoryan, LEAD ATTORNEY, Safia G. Hussain, Blank Rome LLP, Los Angeles, CA.

**Judges:** HON. MICHAEL M. ANELLO, United States District Judge.

**Opinion by:** MICHAEL M. ANELLO

## Opinion

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLAIM FOR INJUNCTIVE RELIEF

[Doc. No. 20]

Defendant Carrington Tea Company, LLC moves to dismiss Plaintiffs Elizabeth Zemola and Matthew Beaumont's amended claim for injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Plaintiffs' purported lack of standing to seek prospective relief. *See* Doc. No. 20. Plaintiffs filed an opposition to the motion, to which Defendant replied. *See* Doc. Nos. 23, 24. The Court took the matter under [*2] submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 25. For the reasons set forth below, the Court **DENIES** Defendant's motion.

### DISCUSSION

This action arises out of Plaintiffs' purchase of coconut oil products.[1] Plaintiffs generally allege that Defendant has engaged in misleading marketing and labeling of its coconut oil products as "healthy," in violation of California's consumer protection laws. The Court previously determined that Plaintiffs lacked standing to pursue their claim for injunctive relief based on the failure to allege that they would purchase the coconut oil products in the future. *See* Doc. No. 18 at 7-8. The Court granted Plaintiffs leave to amend their claim, and Plaintiffs filed a First Amended Complaint setting forth the following additional allegations in support of Plaintiff Matthew Beaumont's standing to seek injunctive relief:

---

[1] The factual background set forth in the Court's October 30, 2017 Order Denying Defendant's Motion to Dismiss in Substantial Part and Denying Defendant's Motion to Stay [Doc. No. 18] is incorporated by reference herein.

127. Mr. Beaumont remain [sic] in the market for, and interested in purchasing healthy cooking oils.

128. He regularly shops at stores such as Target and Sprouts, where the Products are sold.

129. If he encountered the Products containing the same or similar health and wellness labeling claims in the future, [*3] they [sic] might reasonably might assume that the Products had been reformulated to make them healthier, or that new scientific evidence supported the claims, and on that basis would consider and likely be interested in purchasing the Products again. Without prospective injunctive relief requiring Carrington to label the Products in a truthful manner, he and other consumers will be unable to determine whether a future label bearing similar claims is valid, or whether Carrington has simply resumed misleading behavior, and thus will be unable to decide how best to spend his money.

130. The continued use of the challenged claims on the Products' labels threatens to repeatedly infringe upon the substantive right California's consumer protection statutes give plaintiffs to be free from fraud in the marketplace.

*FAC*, Doc. No. 19. Based on these allegations, Plaintiffs seek an injunction preventing Defendant from engaging in "deceptive practices," "in the form of modified advertising and a corrective advertising plan." *Id.* ¶¶ 150, 167.

Defendant moves to dismiss Plaintiffs' amended claim for injunctive relief, arguing that the additional allegations are insufficient to establish Plaintiffs' [*4] standing to bring the claim. *See* Doc. No. 20. Defendant points out that Plaintiffs do not allege any facts supporting Plaintiff Zemola's intent to purchase coconut oil products in the future. Defendant further contends that Plaintiff Beaumont's claim — that he may once again purchase products which he alleges to be intrinsically unhealthy — is implausible.

As this Court previously noted, the Ninth Circuit recently clarified the standing requirements for pursuing injunctive relief in consumer protection actions. *See* Doc. No. 18 at 8 (citing *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017)). Pursuant to the Ninth Circuit's holding in *Davidson*, "a previously deceived plaintiff may have standing to seek injunctive relief" for violations of California's consumer protection laws if the plaintiff alleges that he "faces an imminent or actual threat of future harm" due to the defendant's false advertising. *Davidson*, 873 F.3d at 1115-16. The circuit court further explained that the threat of future harm may be "the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or it may be the "consumer's plausible allegations that she might purchase [*5] the product in the future" as she may reasonably, but incorrectly, assume the product was improved. *Id.* at 1115.

Here, Plaintiff Beaumont claims that he would like to purchase coconut oil products in the future; he shops at stores that sell the products; and absent injunctive relief, in the future he may rely on Defendant's mislabeling to conclude that the products have been reformulated or otherwise proven to be healthy, when in fact they have not. Defendant asserts that Plaintiff Beaumont's allegations are implausible, as there is no manner in which to reformulate a single-ingredient product, and contradict the crux of his theory of liability — that coconut oil products are unhealthy. However, the Court must assume the truth of Plaintiffs' allegations at this stage in

the proceedings. See *Snyder & Associates Acquisitions LLC v. United States*, 859 F.3d 1152, 1155 n.1 (9th Cir. 2017) (facial jurisdictional attack under Rule 12(b)(1) requires the court to "accept as true all facts alleged in the complaint and draw all reasonable inferences in plaintiffs' favor."). And even if Beaumont is unlikely to purchase Defendant's coconut oil products in the future given his apparent beliefs regarding the healthfulness of coconut oil generally, it is not entirely implausible that he might do so and suffer harm [*6] as a result.

As the Ninth Circuit noted in *Davidson*, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Davidson*, 873 F.3d at 1115. Moreover, the prohibition of injunctive relief for "a consumer who learns after purchasing a product that the product's label is false" would sharply undermine the purpose of California's consumer protection laws. *Id.* at 1115-16 (explaining that California's consumer protection laws "would be effectively gutted" absent injunctive relief). Based on Plaintiffs' additional allegations, and mindful of the Ninth Circuit's guidance in *Davidson*, the Court concludes that Plaintiff Beaumont has pleaded facts sufficient to demonstrate standing to pursue injunctive relief. As such, dismissal is not appropriate. See *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2, 126 S. Ct. 1297, 164 L. Ed. 2d 156 (2006) ("[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.").

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' amended claim for injunctive relief. Defendant must file an answer to the First Amended Complaint within fourteen (14) days from the date this Order is filed. See Fed. R. Civ. P. 12(a)(4)(A) [*7] .

**IT IS SO ORDERED**.

DATE: January 24, 2018

/s/ Michael M. Anello

HON. MICHAEL M. ANELLO

United States District Judge

**End of Document**