UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN DELALAT, | Case No. 16-cv-00711-HSG |
| Plaintiff, | **ORDER DENYING MOTIONS TO SEAL** |
| v. | Re: Dkt. Nos. 87, 93 |
| NUTIVA, INC., | |
| Defendant. | |

Pending before the Court is Plaintiff Shirin Delatat's motions to file under seal exhibits filed in support of her motion for attorneys' fees and costs, as well a related portion of her reply brief in support of her motion for attorneys' fees. *See* Dkt. Nos. 87, 93. No opposition to the motion to seal was filed, and the time to do so has passed.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (internal citations, quotation marks, and alterations omitted). "In general,

'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Plaintiff's motion for attorneys' fees and costs is a nondispositive motion, the Court applies the "good cause" standard to the pending motions to seal.

## II. DISCUSSION

Plaintiff seeks to redact Exhibits 7 and 9 to the Declaration of Melanie Persinger, filed in support of Plaintiff's motion for attorneys' fees and costs, which contain labels from Defendant Nutiva Inc.'s coconut oil products. *See* Dkt. No. 87 at 1–2. Plaintiff also seeks to redact a portion of the declaration of Jack Fitzgerald and a related portion of Plaintiff's reply brief filed in support of her motion for attorneys' fees and costs, which contain information about Defendant's coconut oil sales. *See* Dkt. No. 93 at 1. Defendant designated this information as "Confidential" under the protective order. *See* Dkt. No. 87-1 ¶¶ 3–4; *see also* Dkt. No. 93-1 ¶ 3. However, Defendant did not timely file a declaration in support of Plaintiff's motion to seal, as required in this situation under the Local Rules. *See* Civ. L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."). The Court, therefore, does not find compelling reasons to seal these exhibits or the related portions of the parties' class certification motions.

The Court therefore **DENIES** Plaintiff's motion to seal. If Defendant does not file a responsive declaration in accordance with the Local Rules within four days of the date of this Order, Plaintiff may publicly file her reply motion, Exhibits 7 and 9 to the Persinger Declaration, and Fitzgerald Declaration. *See* Civ. L.R. 79-5(e)(2). In the future, the parties are directed to strictly comply with Local Rule 79-5 when seeking to file documents under seal.

**IT IS SO ORDERED.**

Dated: 2/26/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge