UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN DELALAT,<br><br>    Plaintiff,<br><br>v.<br><br>NUTIVA, INC.,<br><br>    Defendant. | Case No. 16-cv-00711-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 103 |

Pending before the Court is Plaintiffs' Administrative Motion to File Under Seal unredacted copies of Plaintiffs' Motion for Class Certification, the supporting Declaration of Jack Fitzgerald ("Fitzgerald Declaration"), and Exhibits 2–3, 31, 33, 37-38, 40, 45–46, 66–68, and 70 to the Fitzgerald Declaration. Dkt. No. 103. Plaintiffs contend that, "[b]ecause Nutiva and other third parties have designated as 'CONFIDENTIAL' documents discussed and quoted in plaintiffs' Motion for Class Certification," those documents should be filed under seal. *Id.* at 1. Defendant Nutiva, Inc. ("Nutiva") filed a response, stating that while "some of the documents and exhibits that [Nutiva] had designated as confidential—and that Plaintiffs accordingly moved to file under Seal—are indeed sealable . . . Nutiva removes confidentiality designations as to other exhibits, as such documents need not be kept under Seal." Dkt. No. 134 at 2. Nutiva contends that, of the documents identified by Plaintiffs' Motion to Seal, only Plaintiffs' Motion for Class Certification, the Fitzgerald Declaration, Exhibit 3 to the Fitzgerald Declaration ("Weir Report"), and Exhibits 33, 66, and 67 to the Fitzgerald Declaration need be kept under seal. *Id.* at 2–5. For the reasons stated below, the Court **GRANTS IN PART** the motion.

## I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific

2

1  prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v.
2  Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).
3  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will
4  not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation
5  omitted).

## II. DISCUSSION

The Court applies the "compelling reasons" standard because the documents at issue, relating to Plaintiffs' Motion for Class Certification, have more than a tangential relationship to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016).

The Court finds Plaintiffs' requests to seal designated portions of its Motion for Class Certification, the Fitzgerald Declaration, and Exhibit 2 to the Fitzgerald Declaration, as well as Plaintiffs' request to seal Exhibits 33, 66, and 67 to the Fitzgerald Declaration in their entirety, satisfy the standard because portions of those documents describe Nutiva confidential sales information. *See* Dkt. No. 134; *see also, United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 4865558, at *6 (N.D. Cal. Oct. 27, 2017) (granting motion to seal as to sales information) (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)).  The Court also finds the requested redactions to be sufficiently narrowly tailored to protect both the parties' interests and the public interest in access.  As Nutiva has removed the confidentiality designation of the remaining proposed redactions, the Court finds no compelling reason to seal those documents.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the motion to seal as to Plaintiffs' Motion for Class Certification, the Fitzgerald Declaration and exhibits, and the Weir Report, and **GRANTS** the motion to seal as to Exhibits 33, 66, and 67 to the Fitzgerald Declaration.  The Court **DENIES** Plaintiffs' Motion to Seal as to Exhibits 2, 31, 37–38, 40, 45–46, 68, and 70 to the Fitzgerald Declaration .  The Court **DIRECTS** Plaintiff to file versions of its

Motion for Class Certification, the Fitzgerald Declaration and exhibits, and the Weir Report for the public record that reflect the redactions described in Dkt. No. 134. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge