UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN DELALAT,<br><br>        Plaintiff,<br><br>    v.<br><br>NUTIVA, INC.,<br><br>        Defendant. | Case No. 16-cv-00711-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 127, 140, 149 |

Pending before the Court are the parties' administrative motions to seal various documents pursuant to Civil Local Rule 79-5. Dkt. Nos. 127, 140, and 149.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

1   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179
2   (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the
3   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
4   litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

The various documents and portions of documents the parties seek to seal are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The parties have provided a compelling interest in sealing portions of the various documents listed below because they contain confidential business and financial information relating to the operations of Nutiva, and to employment and medical history

2

of the Named Plaintiffs. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal). The parties have identified portions of the unredacted versions of Motions and exhibits as containing confidential business information; the Court finds sufficiently compelling reasons to grant the motions to file the below-indicated portions under seal.

The parties request the following portions of the various documents be sealed:

| Docket Number Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
| --- | --- | --- | --- |
| 127-3/(127-4) | Exhibit 4 to the Declaration of William P. Cole in Support of Defendant's Opposition to Plaintiff's Motion for Class Certification – Expert Report Dr. Kent D. Van Liere | Portions of: Page 16, n. 26; and Page 17, n. 30. | GRANTED |
| 127-5/(127-6) | Exhibit 5 to the Declaration of William P. Cole in Support of Defendant's Opposition to Plaintiff's Motion for Class Certification – Rebuttal Declaration of Dr. Denise N. Martin | Portions of: Page 8, lines 3, 4 and 6 of ¶ 13; Page 11, line 4 of ¶ 18, Column (B) of Table 1; Page 12, line 2 of ¶ 19, line 2 of ¶ 20; Page 16, line 3 and 4 from the top of the page, line 3 of ¶ 27(b); Page 17, lines 11-17 of ¶ 27(b); Page 18, line 4 of ¶ 27(c); Page 24, the dollar figures in the vertical column of Figure 1 and names of States at the bottom of Figure 1; and Page 25, the dollar figures at the top of each bar and the names of the bar categories on the bottom of each bar, on Figure 2. | GRANTED |
| 164/(140-5) | Plaintiff's Reply in Support of Motion for Class Certification | Pages 3:3-8 and 4:11 | GRANTED |

| | | | |
|---|---|---|---|
| 140-6/(140-7) | Reply Declaration of Jack Fitzgerald in Support of Motion for Class Certification | Paragraphs 4-6 | GRANTED |
| **Entire document sealed**/(140-8) | Reply Ex. 1 | Entire document | GRANTED |
| 140-6/(140-9) | Reply Ex. 2 | Pages 8:12-9:3, 14:21-15:13, 15:21-25, 16:4-17:15, 68:8-19, 70:2-16, and 88:1 | GRANTED |
| **Entire document sealed**/(140-10) | Reply Ex. 3 | Entire document | GRANTED |
| **Entire document sealed**/(140-11) | Reply Ex. 4 | Entire document | GRANTED |
| **Entire document sealed**/(140-12) | Reply Ex. 5 | Entire document | GRANTED |
| 140-6/(140-13) | Reply Ex. 6 | Pages 126:23-127:19 | GRANTED |
| 140-14/(140-15) | Reply Declaration of Shirin Delalat in Support of Plaintiff's Motion for Class Certification | Paragraphs 2, 5-6, and 12 | GRANTED |
| 140-20/(140-21) | Exhibit 1 to the Declaration of Paul K. Joseph in Support of Plaintiff's Opposition to Nutiva's Motion to Strike the Declarations of Dr. Michael Dennis and Mr. Colin Weir | Page 127:1-19 | GRANTED |
| 140-16/(140-17) | Reply Declaration of J. Michael Dennis, Ph.D | Footnotes 14-15 (on page 7) | GRANTED |
| 140-18/(140-19) | Reply Declaration of Colin B. Weir | Paragraphs 11, 14 ("average price" and "average price/oz" information), 19, and 44 | GRANTED |
| 140-22/(140-23) | Exhibit 1 Declaration of Melanie Persinger in Support of Motion to Strike Rebuttal Declarations of Dr. Denise Martin and Dr. Kent Van Liere | Page 61:8-11 | GRANTED |
| 140-24/(140-25) | Fitzgerald Decl, Ex. 6 | NUT340 | GRANTED |
| 140-26/(140-27) | Fitzgerald Decl, Ex. 7 | Entire document | GRANTED |
| 140-28/(140-29) | Fitzgerald Decl, Ex. 8 | Entire document | GRANTED |
| 140-30/(140-31) | Fitzgerald Decl, Ex. 9 | Entire document | GRANTED |
| 140-32/(140-33) | Fitzgerald Decl, Ex. | NUT343-344 | GRANTED |

4

| | | | |
|---|---|---|---|
| 140-34/(140-35) | Fitzgerald Decl, Ex. 10 11 | Entire document | GRANTED |
| 149-4/(149-5) | Supplemental Declaration of Dr. Denise N. Martin | Paragraph 10, second line; paragraph 10(a), fourth and fifth lines; paragraph 18(b), fifth and sixth lines; paragraph 32, first through fourth lines, and eight and last line. | GRANTED |

### III. CONCLUSION

For the foregoing reasons, the **GRANTS** Dkt. Nos. 127, 140, and 149. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 9/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge